IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JULY TERM, 1830, IN THE FIFTY-FIFTH YEAR OF OUR INDEPENDENCE.

---

### JACKSON vs. COVERT'S ADMINISTRATORS.

A contract for the sale of a boat load of wheat, *to be delivered at a subsequent day*, is within the statute of frauds, where no part of the wheat is delivered at the time, no earnest is paid, and no note or memorandum in writing of the bargain made.

The mere fact of the article sold not being to be delivered immediately does not take the case out of the statute.

Although a plaintiff sues in a justice's court, where he cannot recover over $50, he may notwithstanding recover beyond that amount in the common pleas, if the defendant appeals from the judgment before the justice.

On a valid contract for the sale and delivery of a large quantity of wheat, a delivery of part, and a readiness to deliver the residue prevented by the defendant, will entitle the plaintiff to recover the difference in value of the whole quantity between the contract price and the actual proceeds of the wheat, including charges.

ERROR from the Seneca common pleas. In May, 1827, a contract was entered into, by which the intestate agreed to sell and Jackson to purchase a boat load of wheat, amounting to 1251 bushels, at 78 cents per bushel, to be delivered on board of Jackson's boat at Kidder's landing on the Cayuga lake. *The contract was not in writing, no earnest was*

*paid, nor was there at the time of the contract a delivery of any part of the wheat.* In July, 1827, Jackson appointed a day for the delivery, on which day Covert sent 360 bushels of wheat to the landing; Jackson was not there to receive it, nor was his boat; it was taking in loading at another place, and the 360 bushels were placed in store. The residue of the boat load would have been delivered on that day, had Jackson been there to receive it. Subsequently, the 360 bushels and the residue of a boat load, amounting to 1251 bushels, were sent by Covert to Troy to be sold, where the wheat was sold at the market price, viz. $88\frac{1}{4}$ per bushel. The expense of storage of the 360 bushels was $\frac{3}{100}$ per bushel, and the price of transportation to Troy $18\frac{1}{4}$. Covert sued Jackson in a justice's court, and recovered $50. Jackson appealed to the common pleas, where the administrators of Covert were admitted as respondents, he having died; and on the trial of the cause in the common pleas, the above facts appeared. The defendant insisted that the contract was within the statute of frauds, but under the advice of the court, a verdict was taken for the plaintiffs for $117,23, the difference between the contract price and the actual proceeds of the wheat, including charges, subject to the opinion of the court upon the above objection and all other exceptions. The defendant insisted, 1. That the contract was not binding within the statute of frauds; 2. That having sued in a justice's court, where the recovery could not exceed $50, and having in fact obtained a judgment for that amount, the plaintiff should be considered as having abandoned all claim to damages beyond that amount, and consequently that the verdict for $117,23 was excessive; and 3. That at all events, the plaintiffs could recover damages only as to the 360 bushels of wheat delivered. The court overruled these objections, and gave judgment for the plaintiffs for the amount found by the jury.

*A. Gibbs,* for plaintiffs in error.

*W. Thompson,* for defendant in error.

*By the Court*, SAVAGE, Ch. J.   The court were right in overruling the two last points.   The plaintiff below, it is true, would not have recovered more than $50 had the defendant submitted to the justice's judgment; but when he appealed to the common pleas, that court was not limited in jurisdiction, and the plaintiffs were entitled to recover all the damages they could prove, if they were entitled to recover any thing.   So, also, the plaintiff's intestate was ready to deliver the whole quantity, and would have done so, but for the default of the defendant, who was not ready to receive the wheat.

The only point in the case is whether the contract was within the statute of frauds, and therefore void.   It is so in terms, but it has been held in some cases, where any thing remains to be done about the goods by the vendor, that the contract is not within the statute.   The mere fact, however, of the article sold not being to be delivered immediately, does not take the case out of the statute.

The case of *Bennett* v. *Hull,* 10 *Johns. R.* 364, is not distinguishable from this : there apples were *to be* delivered, and the contract was held to be within the statute.   *Clayton* v. *Andrews,* 4 *Burr.* 2101, is like this case, except that there the wheat was *to be* threshed.   Where labor is to be performed to prepare the article for delivery, the contract is not within the statute ; as where a waggon was to be made, 18 *Johns. R.* 58, or rails to be manufactured, 8 *Cowen,* 219.   There is nothing in this case to take the case out of the statute, and the judgment must be reversed.*

---

* See the cases of *Cooper* v. *Elston,* 7 *T. R.* 14 and *Rondeau* v. *Wyatt,* 2 *H. Black. R.* 63, establishing the same doctrine.