Nov. Term, 1837.

LAW
v.
HATCHER.

*S. C. Stevens,* for the appellant.

---

## LAW v. HATCHER.

No verbal sale of goods for the price of 30 dollars or upwards is valid under the statute, unless the buyer accept and actually receive part of the goods, or give something in earnest to bind the bargain or in part payment.

To sustain a suit against a carrier for an injury to the goods carried, the goods must belong to the plaintiff at the time of the injury.

The property of goods described in a bill of lading, is, by the owner's endorsement of the bill, vested in the endorsee.

*Wednesday, November 29.*

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit by *Hatcher*

against *Law*, before a justice of the peace. The following is
the statement of the cause of action: Mr. *John Law* to *Arch-*
*ibald Hatcher*, Dr. *June* 29th, 1836. To damage on 30 clocks,
37 dollars. The defendant pleaded the general issue. The
justice gave judgment for the plaintiff. The defendant appeal-
ed to the Circuit Court, and the cause was there tried upon
the merits without a jury. The following was the evidence
before the Circuit Court:—

*Runyan & Pharis* purchased in the state of *Connecticut*,
a quantity of clocks with cases, and ordered the same to be
sent to them at *Lafayette*, in the state of *Indiana*, by the
way of *Chicago*. The clocks were accordingly sent to *Chi-
cago;* and the forwarding merchant there delivered them to
the defendant, to be taken by him in a wagon to *Runyan &
Pharis* or their assigns, at *Lafayette*, they paying freight. The
defendant signed bills of lading and delivered them to the for-
warding merchant at *Chicago*. Whilst the clocks were on
their way from *Chicago* to *Lafayette*, they were sold, at *La-
fayette*, by *Runyan & Pharis* to the plaintiff. By the contract
of sale, the plaintiff was to pay *Runyan & Pharis* the *Connec-
ticut* prices for the clocks, and also to pay the expenses of car-
riage. The defendant having arrived with his wagon at *La-
fayette*, informed the consignees, *Runyan & Pharis*, that he
had brought the clocks for them from *Chicago*. They inform-
ed the defendant, that the clocks belonged to the plaintiff, to
whom they must be delivered. The defendant, accordingly,
delivered the clocks to the plaintiff, in his warehouse at *La-
fayette*, and received from him the charges for carriage. The
boxes containing the clocks were opened on the next day
after their receipt by the plaintiff, when the clocks and cases
were discovered to have sustained an injury by water, to the
amount of 37 dollars.

Upon this testimony, the Circuit Court gave judgment for
the plaintiff.

This is an action of assumpsit which the plaintiff, who had
bought certain goods from the consignees and owners, has
brought against a carrier by land for an injury to the goods
whilst they were in the carrier's possession. There is on the
threshold of the cause a fatal objection to the plaintiff's recove-
ry. The record does not contain any satisfactory evidence to
show, that, at the time the clocks received the injury com-

Nov. Term,  plained of, they were the property of the plaintiff.  According
1837.     to the statute of frauds, no verbal sale of goods for the price
LAW       of 30 dollars or upwards is valid, unless the buyer accept and
v.        actually receive part of the goods, or give something in earn-
HATCHER.  est to bind the bargain or in part of payment.  Rev. Code,
1831, page 274 (1).  The sale in question was to an amount
above 30 dollars, and, for any thing that appears by the re-
cord, it was made by parol, without any payment whatever,
and without a delivery of any part of the goods  Under these
circumstances, it is impossible for us to say, that any change of
property in the clocks took place until the defendant actually
delivered them, at *Lafayette*, to the plaintiff.  Previously to
that time, they must be considered as the property of *Runyan
& Pharis;* and it is to them alone, that the defendant is re-
sponsible for any injury to the clocks, which they may have
received on the way from *Chicago* to *Lafayette*.

The plaintiff's remedy, if he have any, for the defective
state of the clocks when he received them, is against *Runyan
& Pharis;* and their remedy, if they have any, for the injury
in question, is against the carrier who had charge of the clocks
at the time they received the injury.

If the bill of lading, by which the defendant was bound to
deliver the goods to the consignees or their assigns, had been
endorsed to the plaintiff at the time of his contract with *Run-
yan & Pharis*, the property would then, by virtue of the en-
dorsement, have vested in the plaintiff.  Abbott on Shipp. 308.
In that case, the plaintiff might have sued the carrier for any
injury to the goods for which he was liable, provided the in-
jury took place subsequently to the endorsement.  There does
not appear, however, to have been any such endorsement of
the bill of lading, nor, indeed, any other written evidence of
the sale.

We are of opinion, that the judgment of the Circuit Court
against the defendant is not sustained by the evidence, and
that he is consequently entitled to a new trial.

*Per Curiam.*—The judgment is reversed with costs.  Cause
remanded for another trial.

*A. S. White* and *R. A. Lockwood*, for the plaintiff.

*J. Pettit*, for the defendant.

(1) The mere circumstance that the article sold is not to be delivered until
*a future period*, does not take the case out of the statute. *Rondeau* v. *Wyatt*, 2

H. Bl. 63.—*Cooper* v. *Elston*, 7 T. R. 14.—*Jackson* v. *Covert*, 5 Wend. 139. *Aliter*, where the article is to be manufactured, or labour performed on it to prepare it for delivery. *Ibid.*—*Bennett* v. *Hull*, 10 Johns. 364,—*Crookshank* v. *Burrell*, 18 id. 58.—*Sewall* v. *Fitch*, 8 Cowen, 215.