[ *425 ] *By the Court,
Nelson Ch. J.
I think the referee erred. The plaintiff had fulfilled the contract at Lyons, and was entitled to the payment of his draft, if he had chosen to stand upon the first ar *325 rangment. This was conceded by the defendants, at the time of the modification in May; and indeed, is virtually admitted in the words of it : for they agree if the plaintiff will see the stuff shipped to Albany, that in addition to the contract price they will pay freight, commissions, insurance while the property remained at Lyons in his warehouse, and interest on the draft.
Then as to the modification; that has also been performed by the plaintiff. The stuff was shipped in pursuance of it, and notice given to the defendants. They have broken this agreement also, and it is inconceivable to me how they can expect to escape the ordinary consequences of non fulfilment.
The defendants having failed to receive, and pay for the property at Albany, the plaintiff had a right to sell for the best price he could, and credit them with the nett proceeds, 5 Wendell, 139. Indeed, the good sense of the modification seems to be, that the original contract was to stand as performed by the plaintiff, and that he was to see the article shipped at the expense of the defendants and on their account; payment to be made on delivery.
The new arrangment at Albany, between them and Robinson, in respect to the two boat loads of bran, was wholly without authority. The plaintiff cannot, therefore, be affected by it. These boat loads must be regarded as so much delivered under the contract. The defendants knew the extent of Robinson’s power, which was to receive the article as shipped, aid deliver it to them on their paying the stipulated price, charges, &c. Having delivered it without payment, the plaintiff might have sued them in trover; but he may waive the condition, treat the transaction as a delivery at Albany, and look to them for the payment. On this ground also, if the plaintiff should choose to waive his remedy upon the draft, and go for goods sold and delivered, I think he is'entitled to recover for the two boat loads at the value agreed to be paid at Albany. The case would stand as so much *property delivered under a contract broken by the defendants. [ *426 ] The stipulated price there being proper evidence to regulate the value. The argument against this view is, that here was no delivery, as the agent in putting the goods into the defendant’s possession exceeded his authority ; and that even according to the agreement of the agent, the transaction was regarded as not to be a delivery, unless the $913 draft was paid. That is true, if the plaintiff chooses so to view the case : but the whole proceeding was a fraud upon him. The defendants kflew the goods were to be delivered at Albany, and there only, and there to be paid for ; and that beyond this Robinson had no power. The plaintiff may waive the tort and bring assumpsit; but it is not for the defendants to set up their own wrongful dealing with the property as a defence; 1 Saund. Pl. & Ev. 111. The principle is acted upon every day in the courts.
*326 But as the case stands I see no difficulty in the plaintiff recovering on the draft, subject to deductions for payment out of the proceeds of the article so far as received, and upon the principles stated. I had some doubts, though the point is not made, whether the drawer could sue the acceptor directly on the bill: but it is so settled in Parmenter v. Symois, both in the king’s bench and house of lords, after acceptance and default and return of the bill back upon his hands ; and this without taking title under the payee ; 1 Wils. 185; 4 Br. Par. Cas. 604; Chitty on Bills, 344; Bayley on Bills, 212. For the above reasons the report must be set aside ; costs to abide the event.
Ordered accordingly.