June Term,
1860.

DRESSLER
v.
DAVIS et al.

---

### DRESSLER vs. DAVIS, and others.

Where a defendant appeals from a judgment of a justice of the peace to the county court, the plaintiff may, by leave of that court, before trial, amend his complaint, by increasing his claim for damages to an amount beyond the jurisdiction of the justice of the peace; and may recover such increased amount, if the justice of his case require it.

APPEAL from the County Court of *Milwaukee* County.
*Dressler* sued the defendants, *Davis, Clark,* and *Stone,* before a justice of the peace, for injuries caused by the

negligent driving of a wagon along a public street, in the <span>June Term, 1860.</span> city of Milwaukee, demanding, in his complaint, judgment for one hundred dollars. Trial before the justice, and DRESSLER judgment for the plaintiff, from which the defendants ap- DAVIS et al. pealed to the county court. Upon the case being called in that court, the plaintiff, by leave of the court, and with the consent of the defendants, amended his complaint, by alleging his damages at two hundred dollars, and claiming judgment for that sum. He also discontinued the action as against the defendant *Stone*, amending his complaint accordingly, and upon trial by a jury, obtained a verdict against the other defendants for two hundred dollars. Whereupon the defendants moved the court to set aside the verdict, or that judgment be entered thereon for one hundred dollars only, which motion was overruled; the ruling excepted to; judgment entered upon the verdict, and an appeal taken to this court.

*Finches, Lynde & Miller*, for appellants, argued, that the county court, on appeal from a justice of the peace, could not, even with consent of both parties, allow an amendment of the complaint before trial, so as to claim an amount beyond the jurisdiction of the justice, although it might, upon a trial on the merits, give judgment for an amount beyond the justice's jurisdiction, if it should *then* appear that the plaintiff was properly entitled to it.

*Smith & Salomon*, for respondent, cited: R. S., 1858, p. 699, sec. 217; *Jackson vs. Covert*, 5 Wend., 139; *Moore vs. Tracy*, 7 id., 229; *Palmer vs. Wylie*, 19 John. Rep., 276; R. S., 1849, p. 478, sec. 244.

*By the Court*, DIXON, C. J. The cases cited by the re- June 19. spondent's counsel, (19 John., 276; 5 Wend., 139; and 7 id., 229,) fully establish the law of New York under the former statutes of that state to have been, that upon an appeal to the court of common pleas from the judgment of a justice of the peace, the plaintiff, if the justice of his case required it, was entitled to recover in that court a judgment larger in amount than the sum over which the justice had jurisdiction,

and exceeding the amount of damages claimed in his declaration. The reason assigned, in 19 John., 276, was, that the statute declared that the court of common pleas, having become possessed of the cause, should proceed to give judgment according as the very right of the case should appear, without regard to the previous trial had therein; which, the court said, dispensed with everything inconsistent with the mere justice of the case between the parties. The provisions of our Statutes of 1849, Chap. 88, Sec. 238, were substantially the same. They provided that upon the return being made and filed, the case being such as not to require a trial by jury, the county court should have power to examine and determine the same, and to give such judgment, and make such order in the case, *as law and justice between the parties should require.* The 244th section provided, that the issue before the justice should be tried without other or further new declaration or pleading, except in such cases as should be otherwise directed by the court. The appeal in the present case, however, was taken after the adoption of the Code of Procedure, which prescribed the mode of taking and prosecuting appeals from the judgments of justices of the peace, and repealed all former laws upon the subject. The only provisions of that instrument, material to be noticed in the present inquiry, are to be found in the 81st and 268th sections. The former is identical with section 37 of chap. 125; the latter, with section 217 of chap. 120 of our present Revised Statutes. By the former, the court was empowered, either before or after judgment, in furtherance of justice, and upon such terms as might be proper, to amend any pleadings or proceedings, by adding, striking out, or correcting a mistake in the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case, provided it did not substantially change the claim or defense. By the latter, which concerned appeals, it was provided that, where, as in the present case, the judgment appealed from, exclusive of costs, exceeded fifteen dollars, *the action should be tried in the appellate court as cases originally brought there.*

It was undoubtedly the intention of the legislature, in view of the law as it previously stood, by this last provision, to

place actions thus brought up by appeal, on the same footing as to their hearing and determination, as they would have been if originally commenced in the appellate court, and by so doing, to enable that court to do complete justice between the parties. If for that purpose it became necessary, in the opinion of the court, to allow an amendment by increasing the amount of damages claimed by the plaintiff, that being no change of the nature of his claim, it was as competent for it to do so, as it would have been if the suit had been originally commenced before it. The trial or fair determination of the rights of the parties being the object in view, to secure it, the court had the power to do any act which it could do for the same purpose in any other case. This view is supported by section 269 of the Code, which provided that upon the hearing of an appeal from a judgment, when the sum recovered before the justice, exclusive of costs, was *less* than fifteen dollars, the appellate court should give judgment *according to the justice of the case*, without regard to technical errors or defects which did not affect the merits. It is impossible to believe that the legislature intended to provide for the complete administration of justice in the cases of less, and at the same time intended not to provide for its like administration in those of greater importance. The fact that the defendants consented to the amendment, seems to be of no weight one way or the other, only so far as it may be considered a waiver by them of any objections which they might have urged, or an admission on their part that it was proper.

The judgment of the circuit court is affirmed, with costs.