FLORENCE R. McOMBER *vs.* ADOLPH BALOW.

April 23, 1889.

**Appeal from Justice—Amendments in District Court.**—Where the district court acquires jurisdiction of a cause upon appeal from justice's court upon law and fact, the trial proceeds *de novo*, and the appellate court may allow an amendment of the complaint increasing the amount of plaintiff's claim beyond that to which the jurisdiction of the justice is limited.

This action coming on for trial in the district court for Clay county, before *Mills*, J., on defendant's appeal, on law and facts, from a judgment of a justice of the peace, the plaintiff was allowed, against defendant's objection and exception, to amend the complaint so as to change his demand from $99 to $160. Defendant declined to answer, and the court on plaintiff's motion ordered judgment for $160 against defendant, for his failure to answer. Defendant appeals from an order refusing a new trial.

*W. B. Douglas*, for appellant.

*O. Mosness*, for respondent.

VANDERBURGH, J.   In cases of appeal from justice's court upon law and fact, the trial proceeds *de novo*, as if the action had been originally brought in the district court. In this case the action is upon contract, and the amount claimed to be due thereon in the justice's court was $99. Upon the new trial in the district court, upon an appeal by the defendant, the plaintiff was allowed to amend his complaint so as to claim damages in the sum of $160. The only question presented by the bill of exceptions upon this appeal is whether the district court had jurisdiction to allow such an amendment. This question can hardly be considered an open one in this state. See *Bingham* v. *Stewart*, 14 Minn. 153, (214.) The district court had concurrent jurisdiction with the justice's court of the cause of action in this case, and, when the case came into that court by appeal, it stood, as to all subsequent proceedings, as if originally brought there; and the power of the court to allow amendments of the character complained of is undoubtedly the same as if the action had originally

been commenced therein. The action of the court in such cases could only be questioned in case of an abuse of discretion. The same rule prevails elsewhere under similar statutes. *Dressler* v. *Davis*, 12 Wis. 58; *Palmer* v. *Wylie*, 19 John. 276; *Jackson* v. *Covert*, 5 Wend. 139.

Order affirmed.