### EDDY et al. v. POWELL.

(Circuit Court of Appeals, Eighth Circuit. February 15, 1892.)

1. PLEADING—AMENDMENT.
Plaintiff's complaint, in an action for personal injuries, was entitled as against "E. and C., Receivers," etc.; and in the opening paragraph plaintiff complained of "the defendants E. and C., receivers of" a certain railroad, alleged to be a corporation doing business, etc. *Held,* that an amendment was properly allowed so as to state a case against defendants in their official capacity "as" receivers.

2. RAILROAD COMPANIES—ACCIDENTS AT CROSSING.
Plaintiff, while driving over defendants' crossing between two sections of a train which had been cut so as to make a passage, was caught between them by the sudden movement, without warning, of one of the sections. He testified that he waited to cross, but was signaled by the train brakeman to proceed, but in this he was contradicted. *Held,* that a charge, in substance, that if plaintiff was directed by the brakeman to cross, contrary to his previous intention, and in so doing he sustained injury, he was entitled to recover, unless in attempting to cross he had assumed a risk of getting caught between the two sections which was known to him at the time, and was such as a prudent man obviously would not have taken, was proper, and not erroneous, from the use of the word "reckless," as applied to plaintiff's conduct, the context showing the court to have used it as synonymous with "careless."

In Error to the United States Court in the Indian Territory.

Action by George W. Powell against George A. Eddy and H. C. Cross, as receivers of the Missouri, Kansas & Texas Railway Company, to recover for personal injuries. Verdict and judgment for plaintiff. Defendants brought error. Affirmed.

## STATEMENT BY THAYER, DISTRICT JUDGE.

This is a suit for personal injuries which were sustained by the defendant in error at the town of Atoka, in the Indian Territory, on the 29th day of November, 1890. The evidence introduced by the defendant in error, who was the plaintiff in the lower court, tended to show that as he was driving along a public street of the town, and had reached a point where the street crosses the track of the Missouri, Kansas & Texas Railway Company, he found the crossing of the main track partially obstructed by one of the receivers' freight trains, which had halted temporarily at the station. The train had been cut in two at the crossing, leaving a space of about eight feet between the rear and the front sections of the train, through which vehicles and pedestrians could pass. The testimony further tended to show that, when he reached the crossing, he first stopped, intending to wait until the two sections of the train had united, and had moved past the station; but that he was directed or signaled to cross the track by a brakeman or conductor attached to the train, who was standing at or near the crossing, and that he attempted to cross in compliance with such directions. While passing over the track, the engineer suddenly backed the front section of the train, for the purpose of coupling to the rear section. The wagon in which the defendant in error was riding was caught between the two sections of the train, and overturned. The defendant in error was thrown violently to the ground, and sustained injuries which disabled him for some time. The testimony in behalf of the plaintiffs in error tended to show that the defendant in error was not directed to cross the track before the train had been coupled, but that in making such attempt he acted of his own volition and negligently. There was a verdict in favor of the defendant in error in the sum of $350.

*Clifford L. Jackson,* for plaintiffs in error.

*R. Sarlls* and *N. B. Maxey,* for defendant in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge, (*after stating the case as above.*) It is claimed that the judgment of the lower court was and is erroneous, because the summons did not set forth the nature of the cause of action; because the summons was served on a station agent of the receivers, and not on the receivers personally; and also because the lower court permitted an amended complaint to be filed, and erroneously refused to strike it from the files on the motion of the plaintiffs in error. The questions covered by the first and second of these assignments are disposed of adversely to the plaintiffs in error by our decision in *Railway Co.* v. *James,* 48 Fed. Rep. 148, and by our recent decision in the case of *Eddy* v. *Lafayette,* 49 Fed. Rep. 807, wherein the same objections to the process and mode of service are fully considered and overruled.

The third assignment of error, above mentioned, is also without merit. The plaintiff in the lower court first filed a complaint entitled "*Geo. W.*

*Powell* vs. *Geo. A. Eddy and H. C. Cross, Receivers,*" etc., the opening paragraph of which was as follows:

"The plaintiff, George W. Powell, a citizen of the United States, residing in the Indian Territory, second judicial division, complains of the defendants, George A. Eddy and H. C. Cross, receivers of the Missouri, Kansas & Texas Railroad Company, a corporation organized under the laws of the United States, doing business in the second division of the United States court for the Indian Territory, and for cause of action alleges," etc.

The lower court held, as it seems, that the original complaint stated a case against the receivers in an individual, and not in an official, capacity, because it was not explicitly stated that the suit was brought against them as receivers; whereupon the plaintiff below asked and obtained leave to file an amended complaint. The original and amended complaint counted upon the same act or transaction. We can scarcely conceive of a case in which it would be more appropriate to grant leave to amend, or a greater abuse of discretion to refuse such leave. It is obvious that the pleader who drew the original complaint intended to sue the receivers in an official capacity. If there was any defect in the pleading, it was merely a defect in form which the statute concerning amendments was intended to remedy.

We pass to the consideration of another question presented by the record, which is more deserving of notice. The pivotal issues in the lower court (and both were for the jury) were as follows: Was the defendant in error directed or signaled by any one connected with the management of the train to cross the track, and, if so, was he guilty of contributory negligence in obeying the signal or direction? With respect to these issues the court charged the jury, in the form of two separate requests or instructions, as follows:

(1) "The court instructs the jury that if you should find that the plaintiff was upon the street or highway at the crossing of defendants' railway track in question, and that he was signaled or advised by the conductor of the train, or the agent or servant of defendants, to cross over said track, then he, the plaintiff, had a right to presume that it was safe for him to do so, unless you shall further believe that plaintiff, in so acting upon such signal or advice of defendants' conductor, agent, or servant, was exposing himself to a danger which was obvious, such that a person of ordinary intelligence and prudence would not have acted upon in similar circumstances."

(2) "The court instructs the jury that while the defendants had the right to occupy the crossing of the highway over its track in the moving of cars in the due course of business, and to casually stop their trains upon such crossing, provided such trains were not suffered thereon a needless or unreasonable time, yet the defendants owed a duty to the plaintiff, and all other persons desiring to cross such highway, to act with proper care and caution in the moving of their trains over said crossing or highway; and if the jury shall believe from the evidence that the crossing was cut, and the plaintiff, with his wagon and team, desiring to cross said highway, had stopped his team before crossing, awaiting orders or instructions from defendants' agents or servants, and that while thus waiting he was expressly or impliedly invited or instructed by the conductor or agent of the defendants to drive on and cross said highway, then he had a right to presume that it was safe for him to do so; and if in so doing he was injured the defendants are liable, unless

the obeying of such instruction was opposed to common **prudence, so as to** make it an obvious act of recklessness or folly."

It is contended that the giving of these requests was error. We have no doubt of the propriety of the first instruction. The defendant in error was certainly not guilty of contributory negligence in crossing the track pursuant to the direction of a person who was connected with the management of the train, and presumptively knew whether it was about to move, unless he was himself aware of some danger, such as would have deterred a man of ordinary prudence from going forward in obedience to the signal. The plaintiffs in error requested the court to charge the jury in substantially the same language. If the word "recklessness," found in the last clause of the second instruction, was employed, as it frequently is, merely as a synonym for "carelessness" or "negligence," no fault can well be found with the second direction. That it was intended to be so used admits, we think, of no doubt. Both directions are predicated on the same hypothesis,—that the plaintiff had been directed to proceed over the crossing; and it will not be presumed that the court intended to prescribe a different rule of law applicable to the same state of facts. It is also quite clear from other parts of the charge that the word "recklessness" was used as a synonym for "carelessness." On, at least, four different occasions in the course of the charge, the form of expression was changed, evidently without any intent to vary the rule of law applicable to the issue of contributory negligence. Taken as a whole, therefore, we think the jury must have understood the charge as stating the following proposition: That if the plaintiff had been directed by the conductor or brakeman to cross the track, contrary to his previous intention, and in so doing he had sustained injury, then he was entitled to recover, unless in attempting to cross he had assumed a risk of getting caught between the two sections of the train, which was known to him at the time, and was such a risk as a prudent man obviously would not have taken. A careful consideration of the record satisfies us that this was a correct statement of the law applicable to the testimony; and we accordingly affirm the judgment