### BUTLER v. ASH, Sheriff.

1. On a trial *de novo* on an appeal from justice court such amendments of the pleadings filed with the justice or entered by him in his docket may be allowed as might have been allowed by him.

2. On appeal on law and facts from a judgment of a justice in an action for the keep of cattle, the complaint was amended so as to show that defendant was a sheriff, and as such siezed the cattle under a writ, and delivered them to plaintiff, as bailee, to keep *pendente lite.* No contest was made on the merits on either trial, and judgment in both trials went against defendant individually. *Held*, that the amendment was not reversible error.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Hughes county. Hon. A. W. CAMPBELL, Judge.

Action to recover for keeping and feeding cattle. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Albert Gunderson* and *W. L. Shunk,* for appellant.

*Crawford & De Land,* for respondent.

FULLER, J. Plaintiff sued originally in justice court, and recovered judgment for $64.75 as reasonable compensation for keeping and feeding certain cattle at the special instance and request of the defendant, from the 21st day of November, 1891, to the 16th day of January, 1892. From that decision the defendant appealed to the circuit court, upon both questions of law and fact, where the case was tried on an amended complaint, and again resulted in a judgment in favor of plaintiff, from which the defendant appeals to this court.

The summons and complaint in justice court and the amended complaint in circuit court are entitled in the name of

this plaintiff against "B. C. Ash, Sheriff of Hughes County," but counsel for appellant maintain that by said amended complaint the defendant was charged in his representative capacity as sheriff, and upon an implied promise to pay a reasonable sum for the care and keeping of the cattle, instead of a specific amount agreed upon, and constituting the sole consideration for an express contract or account stated, which was made the basis for the cause tried in justice court, and which resulted in a judgment against the defendant in his individual capacity. The point urged and contended for is that the circuit court was without jurisdiction to allow the amendment. A case appealed from a justice of the peace to the circuit court for a new trial on both questions of law and fact is tried therein as an original action, according to the usual procedure, so far as applicable; and it is, we think, clearly within the general powers of such courts to permit on appeal, in the interest of justice, such timely amendments of the oral or written pleadings filed with the justice or entered in his docket as he might have allowed, and which appear to be essential to an orderly trial *de novo.* Comp. Laws, § 6136. From a careful comparison of the pleadings, we are disposed to conclude that the amended complaint introduces no additional or different cause of action, as no change appears to have been affected in the amount for which judgment is demanded, or in the nature of the claim, otherwise than by an allegation in the amended complaint that the defendant was a sheriff, and in his official capacity seized the cattle under a writ of attachment in a certain action, and thereafter, just as alleged in justice court, delivered the same to this plaintiff, a stranger to that proceeding, who, in the capacity of a bailee of the property, fed and cared for the same at the instance and request of the defendant.

Whether the word "sheriff," following defendant's name in the summons and the caption of both the original and the amended complaint, is merely descriptive of the person, or, as a matter of law sufficient to bind him in his representative ca-

pacity as sheriff, when supplemented by proper issuable aver-
ments, need not now be determined, as the complaint was not
materially altered, and no resistance was offered in either court
to respondent's cause of action upon its merits, and both trials
resulted in a judgment against appellant in his personal ca-
pacity.   Not being called upon to determine the question,
we cite without comment the following cases to the effect
that a complaint against a defendant in his individual ca-
pacity may be amended so as to charge him in his repre-
sentative capacity:  McDonald v. Ward, 57 Conn. 304, 18
Atl. 51; Tighe v. Pope, 16 Hun. 180; Lucas v. Pittman, 94
Ala. 616, 10 South. 603; Eddy v. Powell, 1 C. C. A. 448,
49 Fed. 814; Stearns v. Wright, 50 N. H. 293.    When a
case is brought from an inferior court to an intermediate appel-
late tribunal for a trial *de novo* on both questions of law and
fact, amendments which neither change the parties nor the is-
sues nor introduce new causes of action are certainly allowable,
and, as the amendment granted in this case is clearly within
the foregoing rule, we do not, at this time, commit ourselves to
the doctrine of the following cases, in which amendments were
allowed under statutes similar to ours, which appear to be
comprehensive and liberal enough to sustain the judgment ap-
pealed from, were we to assume the existence of a state of facts
as favorable to appellant as the theory of his counsel would
justify:   Hutchinson v. Tucker, 124 Mass. 240; Beattie v. Hill,
60 Mo. 72; State v. Preston, 34 Wis. 675; Nichols v. City of
Duluth, 40 Minn. 388, 42 N. W. 84; Jackson v. Covert's Adm'rs
5 Wend. 139; Newberger v. Friede, 23 Mo. App. 631.  It clearly
appears from the evidence, that respondent, as alleged in his
complaint, kept and cared for the cattle at the special instance
and request of appellant, who did not before the justice nor at
the trial on appeal, attempt in any capacity to deny liability,
and the technical grounds for a reversal relied upon by his
counsel cannot be entertained.   The judgment appealed from is
affirmed.