QUINN, Respondent, v. CONKLIN, Appellant.

(146 N. W. 587.)

1. **Trial—Appeal From Justice Court—Counterclaim—Jurisdictional Amount—De Novo Trial.**

A defendant, who appealed from a judgment in justice's court upon questions of both law and fact, and demanded a new trial in circuit court, may interpose a counterclaim for an amount in excess of the jurisdictional limit of the justice's court, since the appeal, having removed the case to circuit court for all purposes, the original jurisdiction of the appellate court is invoked, and defendant should not be compelled to resort to a separate suit to settle all controversies between the parties.

2. **Same—Pleading Counterclaim—Jurisdictional Limit—Defendant Defaulting Below—Discretion.**

Whether a defendant, who defaulted in justice's court and appealed from the judgment against him both on law and facts, should be granted leave to answer and to set up a counterclaim in excess of the jurisdictional limit of the justice's court, rests so largely in sound discretion of circuit court, that its ruling will not be disturbed except for manifest abuse of discretion.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Clark County. Hon. CARL G. SHERWOOD, Judge.

Action by D. J. Quinn against S. J. Conklin, begun in justice's court and appealed by defendant on both law and fact, to the Circuit Court. From an order sustaining a demurrer to the answer and counter-claim, defendant appeals. Reversed.

*F. G. Bohri, J. G. McFarland,* and *S. J. Conklin,* for Appellant.

This action, from the nature of the appeal, is to be tried de novo in the circuit court. Bank of Worthing v. Sanderson, 24 S. D. 443; Justice Code, Section 101.

A party appealing from a judgment of a justice of the peace to the circuit court, may, by leave of that court, before the trial, amend his pleading by increasing his claim or his counterclaim for damages to an amount beyond the jurisdiction of the justice of the peace and may recover such increased amount, if the justice of his case requires it. Dressler v. Davis, 12 Wisconsin, 65; Heath v. Heath, 31 Wisconsin, 223; McOmber

v. Balow, (Minn.) 42 N. W., 83; Jones v. Pettigrew, (S. D.) 127 N. W., 538; Mann v. Hvammen, 144 N. W. 130.

*Geo. B. Otte*, for Respondent.

The jurisdiction of the court where this action arose or began, and the limitations of that jurisdiction, follow this case in its appeal to the Circuit Court. Plunkett et al. v. Evans, 2 S. D. 442; Nelson v. Ladd, 4 S. D. 1; Benedict v. Johnson, 4 S. D. 393; Ball v. Biggam, 23 Pac. Rep. 565; Justice Code, section 2, par. 1.

In this case, wherein defendant denied owing plaintiff any sum of money whatsoever, he might plead a counterclaim or counterclaims to the amount of $100 and no more. Jones v. Pettigrew, 25 S. D. 432.

It will be observed that the reference in Sec. 106, Justice Code, is only to "trials" and not to "pleadings."

Section 150, Code Civil Proceedure, applies only when the Circuit Court is acting as the original court and not as an appellate court. Ball v. Biggam, supra. 24 Cyc. page 641; 2 Cyc. 537; Vidger v. Nolin, 87 N. W. 593; Erickson v. Elliot, 117 N. W. 361; Section 101, Justice Code; Louisville & N. R. Co. v. McCollister, 66 Miss. 106; 5 So. 695, also quoted in 31 Amer. Dig. 1504; Ijames v. McClamroch, 92 N. C. 362; Waters v. Walker, (Tex.) 17 S. W. 105, 37 L. R. A. ns. 616.

POLLEY, J.   This action originated in a justice court. The summons was duly served upon the defendant, but he defaulted, and judgment was entered against him. He then appealed to the circuit court upon questions of both law and fact and demanded a new trial in said circuit court. In the circuit court, defendant, having obtained leave to answer plaintiff's complaint, served and filed an answer, which, in addition to a general denial, set up a counterclaim in which he claimed an amount far in excess of the jurisdictional limit of a justice of the peace. To this answer plaintiff demurred, upon the ground, among others, that the court had no jurisdiction of the amount claimed in the counterclaim. This demurrer was sustained, upon the ground, as stated by the trial court, that the amount claimed in defendant's answer is in excess of the jurisdiction of a justice of the peace; and, from the order sustaining this demurrer, defendant appeals to this court.

[1] That the justice court had jurisdiction of the persons of the plaintiff and defendant and of the subject-matter of the action, as stated in plaintiff's complaint, is not questioned; neither is there any question but that the circuit court had jurisdiction of the subject of the action and that it acquired jurisdiction of the persons of plaintiff and defendant by virtue of the appeal. Therefore the only question to be decided by this court is: May a defendant, who has appealed from a judgment in a justice court to the circuit court upon questions of both law and fact and demanded a new trial in such circuit court, after the case has reached the circuit court, interpose a counterclaim claiming an amount in excess of the jurisdiction of the justice court in which the action originated?

While the positions of the parties to this action are not, in all respects, the same as they were in the case of Mann v. Hvammen, 144 N. W. 130, recently decided by this court, yet the question to be determined is very similar to the question involved in that case, and the principles announced by the court in that case are applicable to the facts, in this: In both cases, the subject-matter of the action was within the original jurisdiction of the circuit court. In that case, it was held that, because of the fact that the appeal was upon questions of both law and fact and a new trial demanded in the circuit court, it was the original rather than the strictly appellate jurisdiction of the circuit court that was invoked by the appeal; and, by the conclusion reached in that case, the court became committed to the doctrine that, where the original jurisdiction of the circuit court has been invoked by an appeal from a judgment in a justice court, the circuit court should then proceed in all respects as though the case had originated in that court; that no distinction is to be made because of the manner in which the case reaches the higher court. Certainly, there is nothing in the statute or in the Constitution to prevent this being done. It is apparent, from the answer of the defendant, that he has a claim against the plaintiff that cannot be litigated in a justice court. If it cannot be disposed of in the circuit court upon the appeal in this action, then he must waive his entire cause of action, assuming that his claim consists of but one cause of action, and bring another action in the same court to recover on

the same cause of action; and thus be put to the expense, and put the state to the expense, of maintaining two actions in the same court to settle the coexisting' differences between the same parties. This he ought not to be compelled to do, unless, it is because of some statutory or constitutional limitation denying the right to have all differences between the parties disposed of in a singe action. This, of course, has no reference to causes of action that, because of their difference in character, could not be determined in a single action.

While the writer of this opinion dissented from the majority opinion in the case of Mann v. Hvammen, the dissent was based upon the fact that the effect of the doctrine therein announced was to change a well-recognized rule of practice rather than because of the effect upon the substantive rights of the parties to the action. But, the change having been made, it should be adhered to. Under the authority of that case, the circuit court had jurisdiction of the counterclaim, notwithstanding the fact that the amount of the claim was in excess of the jurisdiction of the justice court in which the action originated.

While this conclusion may be somewhat of an innovation of what has heretofore been recognized as the rule in such cases, still we believe it is supported by reason and is in line with the trend of enlightened court proceedure; and it certainly has the virtue of avoiding a multiplicity of suits, while it fully protects the rights of all parties concerned. This conclusion is supported by the reasoning employed in Mann v. Hvammen, supra; also, in Bank of Worthing v. Anderson, 24 S. D. 443, 123 N. W. 873, and cases there cited.

[2] The right of a party to an action that has been brought to the circuit court by appeal from a judgment in a justice court to increase his demand by amendment to an amount in excess of the jurisdictional limitation of the court in which the action originated has been recognized in other states under statutes not materially different from our own. Jackson v. Covert, 5 Wend. (N. Y.) 140; Palmer v. Wiley, 19 Johns. (N. Y.) 276; Dressler v. Davis, 12 Wis. 58; Heath v. Heath, 31 Wis. 223; McOmber v. Balow, 40 Minn. 388, 42 N. W. 83. The amendment cannot be made without leave of court. Zitske v. Goldberg, 38 Wis. 216. In these cases, the increase in the amount

demanded was made by amendment of either the complaint or answer, while in the case at bar it was by original answer; defendant having defaulted in the justice court. But the situation would have been no different had the defendant answered in the justice court and then increased his demand by amendment after the appeal. Whether such amendment shall be made or not, or, in this case, whether the defendant be allowed to answer at all or not, is a matter that is vested so largely in the sound judicial discretion of the trial court that the court's ruling thereon would not be disturbed by this court, except for a manifest abuse of such discretion. But the filing of an answer having been permitted by the trial court, the defendant had the right to plead his counterclaim, even though it is in an amount in excess of the jurisdictional limitation of a justice of the peace, and plaintiff's demurrer should have been overruled.

The order appealed from is reversed.