[File No. 7123]

NOMLAND MOTOR COMPANY, a Corporation, Respondent,
v. L. J. ALGER, Appellant.

(39 NW2d 899)

Opinion filed Nov. 21, 1949

*Lyche & Lyche,* for appellant.
*Day, Lundberg & Stokes,* for respondent.

GRIMSON, J. This action was commenced in justice court. The plaintiff brought suit upon an account of $138.26 for materials and labor in the repairing of defendant's automobile. The defendant defaulted in justice court. Judgment was entered against him for the sum of $163.46 including interest and costs. In due time the defendant took an appeal to the district court demanding a new trial of said action. With his notice of appeal and undertaking he served and filed a proposed answer denying plaintiff's complaint except for certain admissions and making a counterclaim against the plaintiff for damages in the sum of $202.75 which defendant claims to have suffered to his automobile by the negligent manner of the plaintiff in making the alleged repairs on said automobile. No reply was made to this counterclaim.

The case came duly on for trial in the district court. The plaintiff offered evidence in support of his claim and rested. Thereupon the defendant made his opening statement. Plaintiff then moved to strike the counterclaim from defendant's answer on the ground that he was seeking relief beyond the jurisdiction of the justice court. The court granted this motion. Defendant then made an offer of proof to support his counterclaim, which was, on plaintiff's objection, denied. Defendant then offered proof in support of his answer and the case was submitted to a jury. A verdict was rendered in favor of the plaintiff upon which a judgment for $153.39 was ordered. From that judgment this appeal is taken.

On this appeal the main contention of the defendant and appellant is that the trial court committed error in striking out the counterclaim and denying defendant's offer of proof under that counterclaim.

The specific point raised is that the counterclaim was for an amount exceeding the $200.00 limitation of the jurisdiction of the

justice court. Sec. 33–0104 NDRC 1943. It is contended by the plaintiff and respondent that, since the justice court would not have had jurisdiction to consider the counterclaim the district court had no jurisdiction to do so.

The law governing the trial of appeals from justice court in district court where a new trial is demanded provides: "An action appealed from justice court shall be tried anew in the district court in the same manner as actions originally commenced therein." Sec. 33–1116 NDRC 1943.

This provision has been in our law in almost identical words since prior to statehood and this court has passed on some aspects of it.

In the case of Vidger v. Nolin, 10 ND 353, 87 NW 593, the Court had for consideration an appeal from the decision of the justice court in a case of forcible detainer brought under sections 6677–6680, Revised Codes of North Dakota 1895. The last section provides that: "No counterclaim can be interposed except as a set-off to a demand made for damages or rents and profits." The purpose of this statute evidently was to get a speedy determination of possession without bringing in any extraneous matters. No such claim for damages or for rents and profits was made in that action but the defendant attempted to put in a counterclaim for services and board furnished plaintiff. Judgment was given the plaintiff for possession of the land. The defendant appealed to the district court where he filed a supplemental answer and made a further counterclaim for damages. In the district court a judgment was given the defendant on his counterclaim. On appeal this court held that such an action was entirely statutory; that the justice court in that case had no jurisdiction to hear any counterclaim except as provided in the code as above set out and that: "In such cases the jurisdiction of the appellate court depends upon the jurisdiction of the justice so far as the subject matter of the litigation is concerned."

It will be noticed that neither would the district court have had jurisdiction to entertain a counterclaim of the kind offered. This court goes on to say, however, that: "There are many decisions in courts of last resort to the effect that the appellate-

court may amend the ad damnum clause of the complaint so far as to demand damages in excess of the amount that the justice of the peace had jurisdiction to determine, where the justice had jurisdiction of the action and subject matter determined by him."

This decision holds merely that the justice of the peace must have had jurisdiction of the subject matter and indicates that an amendment increasing the claim for damages in excess of the limit in justice court may be made in the district court.

This section of the law was next considered in the case of Erickson v. Elliott, 17 ND 389, 117 NW 361. There this court holds that: "An amendment of an answer in district court filed on appeal from a default judgment in justice's court is permissible except as to matters wholly beyond the jurisdiction of the justice of the peace to determine," citing Vidger v. Nolin, supra.

In that case the amendment changed the issues to be tried.

That the complaint or answer may be amended as far as the right and theory of the case is concerned is recognized in Burcell v. Goldstein, 23 ND 257, 262, 136 NW 243.

In Bryan v. Miller, 73 ND 487, 16 NW2d 275, a thorough analysis is made of the jurisdiction of the appellate court. The appellate jurisdiction and the original jurisdiction granted by the constitution to district courts, Sec. 103 North Dakota Constitution, are distinguished. It is pointed out that appeal from justice court may be taken either on questions of law alone, Sec. 33–1103 NDRC 1943 or upon questions of both law and fact and a trial anew had in the district court. Sec. 33–1116 NDRC 1943. An appeal on questions of law alone merely reviews the rulings of the justice court and either affirms or reverses the justice court judgment. That is the exercise of purely appellate jurisdiction. A trial anew the court says: ". . . does not call for an exercise of appellate jurisdiction (5 CJS pp 245, 246) but calls for exercise of the original jurisdiction of the court in which the case is tried anew. Re Burnette, 73 Kan 609, 85 P 575". And the court says further: "In such cases the district court, in effect, becomes vested with original jurisdiction of the cause, if the subject matter thereof is one within the jurisdiction of the justice court, and the district court has the same power as in actions or proceedings instituted originally in that court

and may allow amended or supplemental pleadings to be filed, or parties to be added. The judgment rendered after trial is that of the district court and the judgment of the justice court is superseded thereby."

And the court held that: "An appeal from a justice court to a district court for a new trial of the case in the district court does not involve solely an exercise of appellate jurisdiction by the district court. The appellate functions are at an end when the case has been transferred to the district court pursuant to the prescribed appellate procedure and brought within the jurisdiction of the district court for trial. The trial of the case anew by the district court does not involve the exercise of the appellate jurisdiction of the district court, but involves the exercise of the original jurisdiction vested in the court by the constitution to try and determine civil actions."

This court in Bryan v. Miller, supra, quotes with approval the Supreme Court of South Dakota in Mann v. Hvammen, 32 SD 596, 600, 144 NW 130, 132 as follows: ". . . is it true that, when one appeals from the justice court and, instead of seeking a review of the rulings of the justice upon questions of either law or fact, demands a new trial in the circuit court, he does not invoke the original jurisdiction of the circuit court? He most certainly does invoke such original jurisdiction. . . . 'The jurisdiction to consider and decide causes de novo is in its essence original.' The manner in which a case reaches the higher court is not the test. Jurisdiction being the power to hear and determine, the nature of the functions to be exercised controls, whether they are brought into activity by primary process or by removal from an inferior tribunal. Upon a trial de novo the power of an appellate court in dealing with the pleadings and the evidence, in the application of the law, and in the rendition of judgment according to the right of the case, all independent of the action of the lower court, is no different from what it would be if the case were begun there originally, and hence is not appellate within the meaning of laws creating jurisdiction."

The last case in which this matter has been before the court

is Mielcarek v. Riska, 74 ND 202, 21 NW2d 218. In that case the plaintiff commenced an action in justice court to recover possession of his farm lands and for $200.00 damages. The defendant answered, claiming the right of possession. Judgment was rendered for the plaintiff for the possession of the land. Defendant appealed but surrendered possession. In district court the plaintiff filed an amended complaint claiming $2700.00 damages and the defendant answered claiming he had been unlawfully dispossessed of the land and asking $2000.00 damages therefor. The jury found in favor of the defendant for dismissal of the action. On appeal this court held: "The case that was tried in the district court is not the case that was tried in justice court. The justice court would have had no jurisdiction to try the issues that were presented to the district court. The district court had jurisdiction of the case, however, as an original proposition." See Bryan et al. v. Miller, 73 ND 487, 16 NW2d 275.

In Quinn v. Conklin, 33 SD 406, 146 NW 587, it is held: "A defendant, who has appealed from a judgment of a justice both upon questions of law and fact, and has demanded a trial de novo, may interpose in the circuit court a counterclaim for an amount in excess of the jurisdictional limit of the justice court, for the appeal having removed the case to the circuit court for all purposes and being triable as if the action originated there, the defendant should not be compelled to resort to a separate action to settle all controversies between himself and plaintiff."

The rules laid down in these decisions are that the justice court must have had jurisdiction of the subject matter, that on appeal to the district court and demand for a new trial the original jurisdiction of that court is invoked, that the pleadings can there be amended and that the case is there tried as a new case and according to the manner of trying cases in district court.

In applying these rules to the case at bar, it seems that in the matters for consideration on this appeal are whether or not the justice court had jurisdiction of the subject matter of the

action as it was brought in that court and the nature of the appeal.

The suit was brought on an account for an amount less than $200.00. The defendant defaulted. Clearly the justice court had jurisdiction of the subject matter of the action. The defendant by his appeal submitted to the jurisdiction of the district court. He asked for a new trial there and invoked the original jurisdiction of the district court, presented his defense and counterclaim which, while in excess of the jurisdiction of the justice court was within the jurisdiction of the district court. In reality there is no difference between his action in asking the larger amount in his counterclaim from that of asking to amend his ad damnum clause on appeal. No attempt was made by the plaintiff to strike the answer and counterclaim on the grounds that no leave had been obtained to file them. Instead the plaintiff proceeded with the trial of his case in district court. Only after that was the motion made to strike the counterclaim. The new trial had then started and the district court had jurisdiction both of the parties and of the subject matter of the action including the counterclaim as if the case had been originally commenced there. The motion to strike the counterclaim on the grounds that it exceeded the jurisdiction of the justice court should have been denied and the defendant allowed to proceed with the evidence in support thereof.

The plaintiff cites Sec 549, 35 CJ 828 which states that: "The weight of authority is to the effect that the demand cannot be increased beyond the justice's jurisdiction." and he claims that such has been the rule of practice in the state heretofore. The cases cited do not show that any such rule has been adopted by this court. Furthermore, there is much more reason and justice in adoption of the rule here laid down than in that contended for by the plaintiff. Judge Polley in Quinn v. Conklin, supra, who dissented in the case of Nann v. Hvammen, supra, on the ground that the rule of practice was being changed, states it well: "While this construction may be somewhat of an innovation of what has heretofore been recognized as the rule in such cases, still we believe it is supported by reason and is in line with the trend of enlightened court procedure; and it certainly has the

virtue of avoiding a multiplicity of suits, while it fully protects the rights of all parties concerned."

The Court has examined the other specifications of error alleged by defendant and appellant. Some of them are included in the objections already considered and none others are found to be prejudicial.

For the error in striking out the counterclaim and refusing to admit any evidence thereunder the judgment of the district court is reversed and the case remanded for further proceeding in accordance with law.

NUESSLE, C. J., and BURKE, MORRIS and CHRISTIANSON, JJ., concur.