Douglas D. ZAHN, Petitioner,

v.

Benny A. GRAFF, District Court Judge and the State of North Dakota, Respondents.

Civ. No. 950078.

Supreme Court of North Dakota.

April 5, 1995.

Benjamin C. Pulkrabek, Mandan, for petitioner.

Rick L. Volk, Asst. State's Atty., Bismarck, for respondents.

PER CURIAM.

Douglas Zahn petitioned for a supervisory writ requiring the Burleigh County District Court to review his finding of guilt of a speeding charge. We conclude that Zahn is entitled to a review of the finding of guilt and direct Judge Benny Graff, Presiding Judge of the South Central Judicial District, to assign a district judge to hear the appeal as provided by statute.

The facts, as briefly stated for purposes of this opinion, are that on February 9, 1995, Thomas J. Schneider, Judge of the District Court for Burleigh County, found by the greater weight of the evidence that Zahn had exceeded the speed limit and assessed fees of $31.00. A notice of appeal was filed under section 39–06.1–03(5)(a), N.D.C.C.

On March 1, 1995, Judge Graff dismissed the appeal concluding that:

> "the statute presupposes an appellate court for the second trial. The unification of the Courts has made such an appeal impossible since there is now only one trial level. All judges have the same jurisdiction and none are superior to the other. If the Court were to allow such an appeal, fellow members of the Bench would be retrying their brethren's [sic] cases. This is not only inefficient and duplicitous [sic], but could create adversarial situations among equals. Such a circumstance can not be allowed to exist. The appeal has been terminated by operation of law."

Section 39–06.1–03(5)(a), N.D.C.C., provides in part:

> "If a person is aggrieved by a finding that the person committed the violation, the person may, without payment of a filing fee, appeal that finding to the district court for trial anew. If, after trial in the appel-

late court, the person is again found to have committed the violation, there may be no further appeal. Notice of appeal under this subsection must be given within thirty days after a finding of commission of a violation is entered by the official."

Section 39–06.1–03, N.D.C.C., provides that the initial hearing is to be held before an "official". Subsection 7 defines the term "official" to mean "a district judge, a municipal judge, or, when provided by statute, a person appointed by a district judge to serve as such official for all or a specified part of a judicial district."

■ In construing statutes, words are to be understood in their ordinary sense. N.D.C.C. § 1–02–02. Our primary goal when interpreting statutes is to give full effect to legislative intent. *E.g., Van Raden Homes v. Dakota View Estates,* 520 N.W.2d 866 (N.D.1994). Our conclusion in this matter is dictated by these principles.

■ A plain reading of section 39–06.1–03(5)(a), N.D.C.C., is that the initial hearing may be held before a district judge and a finding that a person committed a violation may be appealed to a district judge. This plain reading of the statute is not an accident of court consolidation. It apparently was an intended result. *See* SB2026—minutes of Governmental Subdivisions Committee 1991 Report of the Legislative Council.

Legislative intent is further developed in the Interim Judiciary Committee Report for the 54th Legislative Assembly, 1995. The Committee did not recommend deletion of appeal but rather recommended enactment of SB2048[1], amending section 39–06.1–03, N.D.C.C., which reads:

> "The committee recommends Senate Bill No. 2048 to provide that a person cited for a noncriminal traffic violation may appeal to the district court from the initial hearing held before a municipal judge, a magistrate, or other qualified person, *including a district judge* appointed by the presiding judge of the judicial district." [Emphasis supplied].

Report of the North Dakota Legislative Council Fifty–Fourth Legislative Assembly 1995 at page 106.

Judge Graff may be correct in concluding that the process is inefficient and duplicative, but that is a matter for the Legislature to consider.

Assuming for purposes of discussion that the procedure is an exercise of the appellate function of the district court, the Legislature's authority to permit an appeal from the decision of one district judge to another district judge is clearly expressed in Article VI, § 8, of the North Dakota Constitution: "The district court shall have original jurisdiction of all causes, except as otherwise provided by law, *and such appellate jurisdiction as may be provided by law* or by rule of the supreme court." [Emphasis supplied].

Under similar statutes, this court indicated that an appeal from a justice court to the district court involves the original jurisdiction of the district court rather than the appellate jurisdiction of the district court. *E.g., Nomland Motor Co. v. Alger,* 77 N.D. 29, 39 N.W.2d 899 (1949). Section 27–05–06, N.D.C.C., describing the jurisdiction of the district courts, does not limit the jurisdiction of the district court. *E.g., Evanson v. Wigen,* 221 N.W.2d 648 (N.D.1974) [special statute concerning judicial review provides separate remedy from and independent of judicial review under Chapter 28–32].

We are cognizant of the trial court's concern about creating adversarial relationships among the district judges. In this instance, that concern is diminished by the process. The district judge to whom the case is assigned for review will not review the decision of the district judge entering the finding of guilt. Rather, the statute provides for "trial anew" which we construe to mean, in this instance, a new trial and not a de novo review on the record.[2] N.D.C.C. § 39–06.1–03(5)(a). Therefore, the decision will be

---

1. Senate Bill 2048 of the 54th Legislative Assembly was passed by the Senate and the House, signed by the Governor, and filed with the Secretary of State on March 1, 1995.

2. Because this is an appeal within the judicial branch of government, a separation-of-powers concern does not limit the review on appeal as it did in *Shaw v. Burleigh County,* 286 N.W.2d 792 (N.D.1979).

based on the evidence introduced on appeal, not the record made before the district judge originally hearing the case. The result is a new trial in the true sense rather than a review of the decision of the district judge originally hearing the matter. *E.g., In Re Peterson's Estate*, 22 N.D. 480, 134 N.W. 751 (1912) [trial de novo on appeal from county court to district court determined triable on evidence to be offered anew, not on record or transcript from county court]. Therefore, the procedure removes the specter of one district judge reviewing in an appellate capacity the decision of another district judge.

The State's response to the request for the supervisory writ urges that we not exercise supervisory jurisdiction because the decision on appeal to another district judge would probably be confirmed, that there is no appeal beyond the district court, *see* section 39-06.1-03(5)(a), N.D.C.C., and therefore Zahn will suffer no grave or serious prejudice. We are not here concerned with whether or not Zahn was guilty of speeding nor would we exercise our supervisory authority to review that issue. We are concerned about the right of a second review, not for Zahn alone but as a precedent for other cases in the South Central Judicial District and the State. Because appeal is not a remedy and no alternative remedy exists, because we believe the issue is extraordinary, and because the issue has statewide application, we believe it is appropriate to exercise our supervisory authority. *See, e.g., City of Fargo v. Dawson*, 466 N.W.2d 584 (N.D. 1991).

We conclude that section 39-06.1-03(5)(a), N.D.C.C., requires that another district judge be assigned to hear Zahn's case anew. Accordingly, the petition for supervision is granted.

VANDE WALLE, C.J., and MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.