H. W. LYMAN *et al.* v. J. HOWELL STANTON *et al.*

JUSTICE OF THE PEACE—*Action Involving Title to Land*—*Appeal to District Court*—*Jurisdiction.* Where an action is commenced before a justice of the peace, and the defendant makes answer thereto, which seems to show that the title to the land is in dispute, and such action is held for trial by the justice, and judgment is rendered, from which judgment the defendant appeals to the district court, *held*, that the district court has jurisdiction to try such case as though certified to said court by the justice.

*Error from Shawnee District Court.*

ON June 10, 1884, J. Howell Stanton and his wife made and delivered to the National Loan & Trust Company, in Topeka, a note for $200 due in six months from date, and secured by a mortgage on certain land owned by them in Butler county, Kansas. On the 24th day of August, 1884, they sold and conveyed by warranty deed, said land to Ella M. Davis, not excepting said mortgage; and on the 15th day of July, 1885, Ella M. Davis and husband sold and conveyed by warranty deed said land to H. W. Lyman and James W. Vail, not excepting the mortgage aforesaid. Afterward the said company began suit in the district court of Butler county to foreclose the mortgage given by Stanton and wife to secure the $200 and accrued interest, and made Ella M. Davis and husband and Lyman and Vail also parties defendant. Lyman and Vail, in order to save their land from sale, paid to said company the sum of $229.55, the amount due it for note and accrued interest, and took an assignment of said note and mortgage to them; and by paying the costs already accrued in the district court, amounting to $15.55, said foreclosure suit was dismissed. Afterward Lyman and Vail brought an action before a justice of the peace in Shawnee county on the note, and also to recover damages, and made Stanton and wife and Davis and husband parties defendant. The Stantons appeared on the day of the trial in the justice's court and filed a defense, and moved to dismiss the action on the ground that

the court had no jurisdiction of the cause.    The justice refused
to dismiss the action, and upon trial rendered judgment for the
plaintiffs and against the Stantons for the amount due on the
note for the sum of $232.55, and against the plaintiffs in
favor of Davis for costs, taxed at $1.10.    From this judgment
the Stantons appealed to the district court.    In the district
court the plaintiffs filed their demurrer to defendants' answer
and counterclaim numbers one, two, three, four, five, and six.
First, for insufficiency.    The plaintiffs' action is brought in
justice's court on a promissory note, and defendants file an-
swer, and set up a counterclaim not growing out of the same
transaction, but founded on tort; that said answer is in the
nature of an equitable relief, of which said court has no juris-
diction.    Second, that there is no privity between plaintiffs
and said defendants in said counterclaim.    Upon the hearing
of the demurrer, the court dismissed the action on the ground
that the title to real estate is in question, to which order the
plaintiffs excepted, and filed a motion to set aside the order
of dismissal.    This motion was heard April 2, 1887, and
overruled.    The plaintiffs bring the case here.

*Welch & Welch*, for plaintiffs in error.
*Huron & Davis*, for defendants in error.

Opinion by CLOGSTON, C.: In an action before a justice of
the peace, where it is made to appear to his satisfaction that
the title or boundaries of land are in dispute, he shall stay
proceedings and certify the cause to the district court.    And
when so certified to the district court, that court shall try the
cause as though originally commenced there.  ( Comp. Laws
of 1885, ch. 81, § 7.)    But where the justice is not so satis-
fied, or is mistaken in relation to the nature of the action,
and retains the same for trial, and judgment is rendered
against the defendant, and he appeals the cause to the district
court, that court has jurisdiction to hear and determine the
cause as though it had been properly certified there by the
justice.  ( *Douglass v. Easter*, 32 Kas. 496.)

In *Wagstaff v. Challiss*, 31 Kas. 212, it was held that the district court, on appeal from a justice of the peace, took only appellate jurisdiction, and had no original jurisdiction; but that case is not applicable to the facts here.   In that case the defendant filed a counterclaim for $3,000, and did not offer to set off the excess above the jurisdiction of the justice, and therefore, as the justice had no jurisdiction to hear the cause, the appeal to the district court gave to that court no jurisdiction to hear and determine the counterclaim.   In this case, however, the justice of the peace did have jurisdiction to do what was done; to send the case to the district court, to be tried as though originally commenced in that court.   The manner of sending it there was disregarded, but that was not material; when it reached the district court that court should have heard the case on its merits.   The only way the defendant could correct the errors occurring before the justice of the peace was to have made a bill of exceptions, and brought the matter to the attention of the court by petition in error.   This was not done, and therefore the district court had no authority to correct any of the errors occurring at the trial before the justice of the peace.

The questions whether or not the title to land was in dispute, and whether the defendants' answer set up a defense to the plaintiffs' claim, are not material in this inquiry, and therefore we express no opinion.

It is therefore recommended that the cause be reversed and remanded with the order that the cause be reinstated and held for trial by the district court.

By the Court: It is so ordered.

All the Justices concurring.