(87 N. W. Rep. 593.)

---

S. J. VIDGER *et al. vs.* AUGUST NOLIN.

Opinion filed Oct. 17, 1901.

**Forcible Detainer—Counterclaim.**

In an action for the possession of real estate under the forcible detainer act as enacted in § 6677, Rev. Codes, *held,* that no counterclaim can be pleaded in justice's court, except as a set-off for rent or damages in cases where judgment for rent or damages are claimed.

**Reply to Counterclaim Is Not Waiver of Objections.**

In a case where a counterclaim is interposed by the defendant in an action for possession of real estate under § 6677, no damages nor rent being claimed, *held,* that the right to object to the introduction of any evidence in support of such counterclaim is not waived by replying in place of demurring to such counterclaim.   Noble Tp. v. Aasen, 76 N. W. Rep. 990, 8. N. D. 77, distinguished.

**Right to Possession of Real Estate.**

> In such a case, *held*, that the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed.

**District Court on Appeal Succeeds to Justice Jurisdiction.**

> Section 6779 provides that upon an appeal from justice's court "the action shall be tried anew in the district court in the same manner as actions originally commenced therein." *Held*, that the district court acquires no jurisdiction upon such appeal to try the action anew, nor to litigate a counterclaim, in cases where the justice had no jurisdiction to determine the issues raised by the pleadings or to allow the counterclaim.

**Assignments of Error Sufficient.**

> Assignments of error in the brief considered, and *held* sufficiently specific without referring to the abstract or statement of the case.

Appeal from District Court, Cass County; *Pollock, J.*

Action by S. J. Vidger and N. A. Lewis against Angust Nolin. Judgment for plaintiffs in justice court. On appeal judgment rendered for defendant and plaintiffs appeal.

Reversed.

*J. W. Tilly,* for appellant.

When a verdict appears to be arbitrary, or manifestly and clearly wrong; or when it appears to be the result of passion, prejudice, or misconduct of the jury, and when it is manifestly against the weight of evidence, it is not only within the power, but it is the duty of the court to set it aside. *Belt Ry. Co* v. *Kinnare,* 83 Ill. App. 200; *Marshall* v. *Ry. Co.,* 34 S. E. Rep. 455; *Dempsey* v. *Roan,* 27 S. E. Rep. 668; *Atchison Etc. Ry. Co.* v. *Hine,* 47 Pac. Rep. 190; *Owen* v. *Cook,* 9 N. D. 134, 81 N. W. Rep. 285. In this case, under the provisions of § § 6680, 6779, Rev. Codes, a justice is prohibited from entertaining or passing upon a counterclaim interposed as a defense in an action in forcible entry and detainer, excepting as a set-off to a demand made for damages or rents and profits. If the justice has no jurisdiction to try and determine a counter claim as a defense set up in an action of this character, and an appeal is taken from his judgment to a court of general jurisdiction, the appellate court only acquires such jurisdiction over the case as the justice originally had. 2 Enc. Pl. & Pr. 23; *Gillande* v. *Administrator,* 2 O. St. 223; *People* v. *County Court,* 10 Cal. 19; *Tumkinstein* v. *Elgcutter,* 11 Cal. 328; *Rickey* v. *Superior Court,* 59 Cal. 661; *Wedgewood* v. *Parr,* 84 N. W. Rep. 528; *Yon* v. *Baldwin,* 76 Ga. 769; *Edwards* v. *Copper,* 6 S. E. Rep. 792; *Gage* v. *Manett,* 23 Pa. 337; *Hill* v. *Township,* 19 At. Rep. 855.

*M. A. Hildreth,* for respondent.

If appellants desired to review any of the orders made in the cause they should have been made a part of his proposed statement of the case properly authenticated, and brought in and made a part

of the record. § § 5719, 5463, 5465, Rev. Codes. The former order dismissing the appeal without prejudice was in no sense a bar to a subsequent appeal, such second appeal having been taken within the time allowed by law. *Murphy* v. *Farnell,* 9 Wis. 102; *Pfenning* v. *Griffith,* 29 Wis. 618; *Ely* v. *Dillon,* 21 Ia. 48; *Minshall* v. *Ry. Co.,* 20 Wis. 644; *Saunders* v. *Moore,* 12 S. W. Rep. 783; *French* v. *Rowe,* 28 N. Y. Supp. 849; *Langley* v. *Warner,* 1 N. Y. 607; *Dooley* v. *Fosten,* 5 Kans. 269; *Myers* v. *Mitchell,* 46 N. W. Rep. 247; *Field* v. *Elevator Co.,* 67 N. W. Rep. 147. By pleading to the merits plaintiff subsequently waived any question as to the jurisdiction of the district court. *York* v. *York,* 3 N. D. 348. The notice of intention to move for a new trial, and the notice of motion for a new trial were both made on the minutes, and the plaintiff failed to specify in his notice of intention to move for a new trial the particular errors of law upon which he would rely, and those that were set forth in his statement of case did not conform to those set forth in his notice of intention. The action of the trial court in striking out of the proposed stated case the errors of law was therefore proper. Subd. 3, § 5475, Code Civ. Proc.; Vol. 3, § 659, Deering's Cal. Code; *Sprigg* v. *Barber,* 122 Cal. 575; *Leonard* v. *Shaw,* 114 Cal. 542; *Bohnert* v. *Bohnert,* 95 Cal. 445; *Pio Rico* v. *Cohen,* 78 Cal. 386.

MORGAN, J. This action was commenced in justice's court under Art. 5, Chap. 3, Justice's Code, relating to forcible detainer of real estate. The complaint states a cause of action for a failure to surrender possession of such real estate after notice to quit had been duly given. The complaint further states that the plaintiffs leased the land described therein to the defendant for farming purposes, for the year commencing November 29, 1898, and ending November 29, 1899; that the plaintiffs reserved the right to sell such lands during said year, but by the terms of the lease bound themselves to give to the defendant the right and opportunity to purchase this land at the same price and terms offered by any other person; that plaintiffs received an offer for said land that was acceptable to them, and communicated the fact of such offer to the defendant, and informed him of the terms of the offer, and that he (the defendant) had the first option to purchase; that the defendant, under the stipulations of the lease, failed to make the purchase, whereupon the plaintiffs terminated the lease pursuant to its terms and provisions. In justice's court the defendant pleaded a general denial, and also a counterclaim for alleged damages. The counterclaim alleged an indebtedness due from plaintiffs to defendant by reason of defendant's having performed services for the plaintiffs and furnished board for their employes, amounting in all to the sum of $196.26. The plaintiffs recovered judgment in justice's court for the possession of the lands involved in the suit. The defendant appealed from such judgment to the district court, and in his notice of appeal demanded a new trial in the district court. Before such appeal was fully per-

fected, the plaintiffs took possession of the premises under an order of restitution issued by the justice. In the district court the defendant procured leave to file a supplemental answer, and subsequently an amended and supplemental answer, wherein another counterclaim was pleaded, setting forth that the defendant had been damaged in a large sum by reason of plaintiff's failure to comply with the terms of the lease wherein the plaintiffs gave the defendant the right to purchase these lands at the same price and terms offered and agreed on by any other proposed purchaser. These answers also placed in issue all the allegations of the complaint, and also set forth the counterclaim for $196.26, which had been pleaded in justice's .court. The plaintiffs denied the allegations of each of these counterclaims by replies interposed at the proper time. This brief summary of the issues involved in the case will suffice for the purposes of a decision in this case here. It will be noticed that the complaint did not contain any demand for rent nor for damages by reason of the occupancy of the premises by the defendant. The complaint stated a cause of action for a wrongful detention of the premises simply, and only demanded immediate possession of the premises, with costs. No other relief was asked. It will also be noticed that the plaintiffs did not demur to either of the counterclaims, but issue was thereon joined by replies. On a trial had in the district court the defendant recovered a verdict on both of the counterclaims, on which verdict judgment was thereafter duly entered in the district court. Special questions were submitted to the jury by the court for answers, concerning the facts set forth in the counterclaims, and the jury found that there was due to the defendant from the plaintiffs the sum of $191.26, and interest, on the counterclaim pleaded in justice's court, and found facts concerning the second counterclaim, upon which the court ordered judgment to be entered for the sum of $320 and interest. No general verdict was found by the jury. There was no express finding submitted to it concerning the right to the possession of these premises at the time of the commencement of the action or at any other time. Neither did the judgment in the district court determine any question or fact directly pertaining to the right to the possession of the premises involved in the suit. The judgment rendered related solely to the recovery of the amounts found due as damages upon the counterclaims. There was no express adjudication or finding by the district court as to the right to the possession of these premises. A motion for a new trial was heard upon a statement of the case duly settled by the court. This motion was denied by the court, and judgment ordered and entered in favor of the defendant for the amounts found due by the jury. The plaintiffs appeal from that judgment. The respondent moves to dismiss the appeal, and to affirm the judgment of the district court, upon the ground that no sufficient assignments of error are subjoined to appellants' brief.

We find appended to appellants' brief 19 assignments of error,

which are there denominated in the aggregate as "specifications of error in law occurring at the trial." Assignment or specification No. 12 is as follows: "The court erred in overruling the objection of plaintiffs' counsel to the introductnon of certain evidence on behalf of the defendant, to-wit:" Then follows in the brief a literal copy of the objection made to such evidence during the trial, and as set forth in the statement of the case as settled. Such objection was in the following words, to-wit: "At this time the plaintiffs object to any and all evidence offered on the part of the defendant under the several counterclaims pleaded and set up in their answer and supplemental answer, excepting that certain counterclaim pleaded which the plaintiffs by their reply deny, they pleading settlement in payment thereof, for the reason and upon the ground that such several counterclaims, and all of them, are not proper matters to be pleaded in defense to or as a counterclaim in this action," etc. We deem this a sufficient compliance with rule 12 of the amended rules of this court' Strict compliance with this rule will not always be exacted, and its requirements will be relaxed in cases when there is substantial compliance with its terms. In other words, this court is invested by the terms of the rule with discretion as to enforcing a strict compliance with its terms or not. Under the terms of such rule, and under the decision of this court in *O'Brien* v. *Miller,* 4 N. D. 308, 60 N. W. Rep, 841, we deem such assignmnt in the brief sufficient, although it does not contain any reference to the folio or page of the abstract where the objection was made and the motion therefor denied. We will now proceed to consider whether this objection to the introduction of any evidence to sustain the allegations of the amended ·answers should have been sustained or not. The trial court overruled such objection, and the appellants excepted to such ruling. The ground of the objection to such evidence was that counterclaims for damages of the nature set forth cannot ever be properly pleaded as damages in actions of this kind in this state. The contention advanced by the appellants to sustain this objection is that under the averments of the complaint in this case no issue can be legally raised in such a suit as this save the single one of the right to the possession of the premises at the time the suit was commenced. This form of action is a statutory one, and governed solely by the provisions of the Code relating thereto. The purpose of enacting such a statute was to provide a summary remedy to determine the right to the possession of real estate in the cases specified in the statute, and such purpose would be entirely defeated if other matters might be set forth in the pleadings and new issues thus raised. We therefore hold that the objection should have been sustained. Whether a counterclaim can be properly pleaded in this class of cases, except where rent or damages are sought to be recovered by the plaintiff, has often been decided by the courts, and it is held with great unanimity that counterclaims are not properly pleaded unless rent or damages are sought to be re-

covered. The rule is founded on good reasons. The statutes pertaining to forcible entry or detainer of real estate were enacted to enable possession of real estate to be recovered in a speedy and summary manner. If other issues than the right of possession were permitted to be litigated, the object to be attained through these laws would be thwarted, and the remedy thus intended to be provided would not result in a speedy determination of the right of possession. The following authorities sustain the proposition that counterclaims are not properly litigated in actions of this kind when the right to the possession of the land only is claimed. *Peterson* v. *Krueger,* (Minn.) 70 N. W. Rep. 567; *McSloy* v. *Ryan,* 27 Mich. 110; *Phillips* v. *Lodge No.* 6 (Wash.) 36 Pac. Rep. 476; *Van Every* v. *Ogg,* 59 Cal. 563; *Ralph* v. *Lomer* (Wash.) 28 Pac. Rep. 763. Section 6680 of the forcible detainer code of this state is as follows: "An action under the provisions of this article cannot be brought in connection with any other except for rents and profits accrued or damages arising by reason of the defendant's possession. No counterclaim can be interposed except as a set-off to a demand made for damages or rents and profits." If any doubt exists as to whether counterclaims can be pleaded in this class of actions in states without a similar provision, none can exist in this state. This section contemplates that a set-off may be pleaded when a money judgment is demanded in the complaint for rent or for damages resulting from defendant's possession, and in no other case. We therefore hold that the counterclaims could not be pleaded in this action, and that none can be pleaded in this class of actions unless clearly brought within the terms of the section quoted.

Did the plaintiffs waive their right to object to the introduction of evidence to sustain these counterclaims by reason of their failure to demur to such counterclaims? This court has clearly laid down the rule of law applicable to this question of waiver in cases where counterclaims are not demurred to. See *Noble Tp.* v. *Aasen,* 8 N. D. 77, 76 N. W. Rep. 990; *Bank* v. *Laughlin,* 4 N. D. 391, 61 N. W. Rep. 473. In the case first cited a motion was made to strike out a counterclaim for the reason "that the facts set forth in the alleged counterclaim are not sufficient to constitute a counterclaim against the township." In the opinion in that case the court laid down the rule applicable in such cases as follows: "In so far as the motion raised the question that the facts stated did not constitute a cause of action in favor of appellant and against respondent that could be enforced under any circumstances, it was proper enough. That point is not foreclosed by pleading to the facts, and the exact manner in which it is raised may not be material. But, in so far as it is attempted to raise the point that the facts did not constitute a counterclaim that could be enforced against the town in this particular case, it was abortive, for the reason that such point was waived by pleading to the facts, and no leave was given or asked to withdraw the reply." We may concede that, if the case at bar were similar in its facts to that case, the right to object to any evi-

dence to sustain the counterclaim was waived by replying instead of demurring to the counterclaim. But the two cases are not at all allied in principle so far as the right to counterclaim damages is concerned. In that case there was no statute expressly prohibiting the litigating of counterclaims in determining all the rights of the parties  In this case such a statute exists, and is imperative against interposing a counterclaim in the action when the plaintiff seeks possession of the real estate only. By holding in this case that the right to object to the introduction of any evidence in support of the counterclaim had been waived by not demurring would be to hold that the parties may, by their acts or omissions during the trial, entirely nullify the statute. In this case the pleading of the counterclaim set forth in the answer is in direct violation of the terms of the statute so far as the subject-matter of the counterclaim is concerned; hence the court could not lawfully assume jurisdiction to litigate such a counterclaim in any event. Neither would jurisdiction be conferred upon the court by the parties consenting that such counterclaim be litigated. We fail to find any case holding that failure to demur to a counterclaim when such counterclaim is prohibited by law is a waiver of all objections to such counterclaim. We do not think that it is the policy of the law to hold that parties may consent to litigate matters directly prohibited by express statute. We are satisfied that the facts of this case are radically different from the facts under which the decision in *Noble Tp.* v. *Aasen* was rendered, and that this decision is not inconsistent with the rule laid down in that case. In that case there was no express enactment against entertaining the counterclaim. Our conclusion is that there was no waiver of the right to object to the introduction of any evidence to support the counterclaims in this case, and that this case is not the same in principle, nor at all controlled by the decision in *Noble Tp.* v. *Aasen,* supra.

The respondent contends that the district court acquired jurisdiction to litigate the subject-matter of these counterclaims by virtue of § 6779 of the Revised Codes. Such section, so far as applicable, is as follows: "The action shall be tried anew in the district court in the same manner as actions originally commenced therein." A rehearing was granted in this case for the purpose of securing arguments by counsel upon the scope to be given to this enactment upon appeals from justice's court, as it was not brought to the attention of this court upon the first argument, nor mentioned in the original opinion. It is now urged by counsel for said respondent that the section quoted gives the district court original jurisdiction on the appeal, and that the fact that the justice had no power to determine the questions involved in the counterclaims is immaterial. To this contention we cannot agree. Similar enactments are to be found in the justice's codes of several states. The construction given to this provision by the courts of these states is not in all respects in harmony, but upon the question involved in this appeal such decisions generally hold that, where the justice had no jurisdiction of the

subject-matter of the action, the district court could acquire none, and that such district court could not determine the case on the merits by amendment of the pleadings after appeal. In such cases the jurisdiction of the appellate court depends upon the jurisdiction of the justice, so far as the subject-mater of the litigation is concerned. *Cooban* v. *Bryant*, 36 Wis. 605; *Ball* v. *Biggam* (Kan. Sup.) 23 Pac. Rep. 565; *Dicks* v. *Hatch*, 10 Iowa, 380; *Plunket* v. *Evans*, 2 S. D. 434, 50 N. W. Rep. 961; *McMeans* v. *Cameron*, 51 Iowa 691, 49 N. W. Rep. 856. The respondent relies upon the cases of *Yorke* v. *Yorke*, 3 N. D. 343, 55 N. W. Rep. 1095, and *Deering & Co.* v. *Venne*, 7 N. D. 576, 75 N. W. Rep. 926, decided by this court, to sustain his contention that the district court acquired jurisdiction in this case by virtue of such appeal. Both of the cases cited simply hold that a voluntary appearance in an action or an appeal to the district court in a case where there was no service of the summons in justice's court is a waiver of the nonservice of the summons, and gives the court jurisdiction over the person. Nothing was said or determined in either of these cases upon the waiver of jurisdiction so far as the subject-matter is concerned. In considering what scope shall be given to enactments similar to § 6779, above cited, there are many decisions in courts of last resort to the effect that the appellate court may amend the ad damnum clause of the complaint so far as to demand damages in excess of the amount that the justice of the peace had jurisdiction to determine. This is the case only where the justice had jurisdiction of the action and subject-matter determined by him. But in cases where the justice had no jurisdiction of the action, no jurisdiction is conferred on the appellate court by the appeal. This is the general rule. The following authorities sustain this rule: *Felt* v. *Felt*, 19 Wis. 193; *Dressler* v. *Davis*, 12 Wis. 58; *McOmber* v. *Balow*, 40 Minn. 388, 42 N. W. Rep. 83. Such is our construction of § 6779, supra. We are clearly of the opinion that a liberal construction of the terms of that section would not warrant us in holding that the district court can litigate issues on appeal prohibited in justice's court, or beyond the jurisdiction of such court. If such power is conferred upon the district court by such section, then an equitable action to compel specific performance of a contract relating to real estate, or any other action of which the district court has exclusive jurisdiction, might be commenced and determined in justice'c court, and on appeal to the district court its jurisdiction sustained, under such section. We do not think that such was the legislative intent in enacting this section.

In this case one judgment was entered, which included the damages found by the jury upon both counterclaims. The error in admitting the testimony objected to necessitates the reversal of the whole judgment. The judgment is therefore reversed, a new trial ordered, and the cause remanded to the district court for further proceedings according to law. All concur.