(87 N. W. Rep. 984.)

---

FREEMAN ORCUTT *vs.* AMY CONRAD.

Opinion filed Oct. 25, 1901.

**Affidavit of Prejudice—Disqualification of Judge.**

In a civil action, where affidavits and an expense bond have been seasonably filed, as provided by § 5454a, Rev. Codes 1899, the resident judge of the district court within which the action is pending is thereafter disqualified to exercise further judicial functions in the action. The mandate of said section is that "the court shall proceed no further in the action." When so disqualified, the resident judge has certain ministerial duties to perform connected with the calling in of an outside judge, but is inhibited by the statute from exercising any judicial functions in the action.

**Court Cannot Exercise Judicial Function—When.**

Accordingly *held*, that the resident judge who appointed a receiver in this action, after being disqualified to act therein, was not a competent court, and hence was devoid of authority to act in the matter of appointing a receiver.

**Order Appointing Receiver—Void.**

The order appointing a receiver is therefore reversed.

**Certain Questions Not Determined.**

> Whether a resident judge, who has been disqualified to act by reason of filing affidavits of prejudice, can be reinvested with jurisdiction, and, if so, how this can be accomplished, is not decided.

Appeal from District Court, Richland County; *Lauder, J.*

Action by Freeman Orcutt against Amy Conrad, formerly Amy Shippam. From an order appointing a receiver defendant appeals. Reversed.

*McCumber, Forbes & Jones* and *George H. Gjertsen,* for appellant.

*Freerks & Freerks,* for respondent.

WALLIN, C. J. In this action the defendant has appealed from an order of the district court appointing a receiver in the action to take charge of certain real estate situated in the city of Wahpeton, which is the subject-matter of the litigation.

A brief recital of the uncontroverted facts appearing in the record will suffice to develop the questions of law which, in our judgment, are decisive of the case. The object of the action, as stated in the complaint, is to obtain a partition of the real property in question by a sale thereof. It appears that upon the complaint, which is verified, and upon an affidavit made by the plaintiff, an application was made to the district court for Richland county for an order requiring the defendant to show cause why a receiver should not be appointed in the action to take charge of the property involved pending the litigation. This order required cause to be shown on the 8th day of January, 1901. The hearing did not occur on the return day of the order, but was postponed by the court, upon its own motion, until January 16, 1901, at which time the matter came on to be heard before the court; the Honorable W. S. Lauder, who is judge of the district court in which the action was pending, presiding at the hearing. On the date last mentioned counsel for the respective parties appeared in court. The defendant, Amy Conrad, appeared specially, and objected to the jurisdiction of the district court, as then constituted, to hear or determine the matters involved in the order to show cause. In support of this objection, the defendant brought to the attention of the trial court the following state of facts, none of which are in dispute: It appears that after the order to show cause was issued, and on January 4, 1901, an issue of fact was joined in the action by the service of an answer to the complaint by the defendant Amy Conrad, the other defendant not appearing in the action. It further appears that prior to the hearing upon the order to show cause, and after the service of said answer to the complaint, the defendant Amy Conrad caused to be filed in this action affidavits of prejudice and an expense bond with the clerk of the district court, pursuant to the provisions of § 5454a of the Revised Codes of 1899, relating to the calling in of an outside judge. The filing of said affidavits and expense bond, as above stated, is conceded, nor do counsel in any way attack the same, or question their sufficiency as to form or substance or otherwise.

The objection to the jurisdiction of the court, as above set out, was then and there overruled; whereupon the trial court proceeded to hear and determine the matter of appointing a receiver, and later, by an order dated January 21, 1901, the trial court appointed one R. N. Ink receiver in the action of the real estate in question. From such order, the defendant, Amy Conrad, has appealed to this court, and counsel for the appellant in their brief have assigned the following errors: (1) The Honorable W. S. Lauder, of the Fourth judicial district, had no authority to make the order appointing the receiver; (2) the facts presented did not justify the appointment of a receiver.

In determining the question of jurisdiction presented by the first assignment of error, it becomes necessary to examine the statute above cited, upon which the appellant's counsel base their objection to the jurisdiction of the trial court to hear and determine the matter of appointing a receiver. For convenience of reference, we quote § 5454a in full: "When either party to a civil action pending in any of the district courts of the state shall, after issue joined and before the opening of any term at which the cause is to be tried, file an affidavit, corroborated by the affidavit of his attorney in such cause and that of at least one other reputable person, stating that there is good reason to believe that such party cannot have a fair and impartial trial of said action by reason of the prejudice, bias or interest of the judge in the district court in which the action is pending, the court shall proceed no further in the action, but shall forthwith request, arrange for and procure the judge of some other judicial district of the state to preside at said trial in the county of the judicial subdivision in which the action is pending. The actual expenses of such judge while in attendance upon the trial of the cause for which the change was had and the extra expense of the court and jury, incurred by reason of said change, shall be paid by the person asking for the change, in advance, or a bond to be approved by the clerk of the district court given therefor, the amount of said bond being fixed by the presiding judge; provided, that not more than one such change shall be granted on the application of either party."

As already stated, the fact is conceded that after issue was joined in the action the defendant, Amy Conrad, fully complied with the provisions of this section of the statute by filing affidavits of prejudice, together with the requisite bond to meet any expense incident to calling in an outside judge. No question of practice is presented, and, all disputed questions of fact being eliminated, there is left for solution only a question of law. The question presented is whether, upon the conceded facts, the Honorable W. S. Lauder, the resident judge who appointed the receiver, was or was not qualified to act in the mater. In our judgment, this question admits of but one answer. We have no hesitation in saying, upon the facts in this record, that the Honorable W. S. Lauder was, by the terms of the statute, ousted of jurisdiction, and was without lawful authority to preside in the

matter of the appointment of a receiver in the action. Whatever the fact may have been, when abstractly considered, it is nevertheless true, under the plain reading of the statute, that the filing of the required affidavits operated to judicially establish the fact of the existence of bias or prejudice, or both, in the mind of the resident judge, with respect to this case, and further operated to oust that judge of all authority to act judicially in this action after the affidavits were filed. The legislature has declared, in terms, that after the prescribed affidavits are filed "the court shall proceed no further in the action, but shall forthwith request, arrange for and procure the judge of some other judicial district of the state to preside at said trial in the county of the judicial subdivision in which the action is pending."

In this case it appears that the defendant has in all particulars complied with the terms of this statute, which are obligatory upon her, and, having done so, it cannot be doubted that she has thereby entitled herself to the benefits of the enactment. The benefits are twofold. She is entitled to be relieved entirely from the great embarrassment which would result from presenting her cause to a judge shown to be prejudiced in the case; and, on the other hand, she is entitled, under this law, to have an outside judge called in to try her case. Upon this record the defendant claims, and we think with perfect justice, that, in overruling her objection to the jurisdiction of the resident judge to hear and determine the order to show cause, the trial court has deprived her of the chief benefit intended to be conferred by this remedial enactment, viz that of presenting her cause to an unprejudiced tribunal.

The facts in this record do not require this court to determine or to consider just what is required of the resident judge in the matter of requesting and arranging for the attendance of another judge. Nor does the exigency of the case at bar demand at the hands of this court any construction of the provisions of § 5454a upon the very interesting question as to whether, in a case where the authority of a resident judge to act judicially has been once lost by the filing of affidavits of prejudice, it can in turn be restored, either by the laches of the moving party with respect to advancing the expense or filing an expense bond, or by his express consent to a restoration of jurisdiction or otherwise. The one point involved here is whether the court which attempted to appoint a receiver in this action had jurisdiction to do so, under the facts of this case. To this question we have unhesitatingly given a negative answer. As to the single question involved in this case, we think the provisions of the statute are unambiguous and entirely decisive. The language of the lawmaker is explicit. When affidavits of prejudice have been filed, the mandate of the statute is that "the court shall proceed no further in the action." Disregarding this inhibition of the statute, the resident judge has in this case proceeded, against objection seasonably interposed, to take cognizance of, and hear and determine, an important question arising in the cause.

Counsel for the respondent has omitted in their brief to suggest

any construction of § 5454a, leading to a conclusion different from that which this court has reached. They have contented themselves by a citation of a single case, that of *Noble Tp.* v. *Aasen*, 10 N. D. 264, 86 N. W. Rep. 742, decided by this court. Counsel claim that this decision is "decisive," and in their brief quote the following excerpt from the opinion in support of their contention: "We are clear that the defendant was not entitled to have an outside judge called in to hear this proceeding. The sections of the Code relied upon by defendant (5454a and 8120) have reference either to a civil or criminal action proper, and this proceeding is neither the one nor the other."

From our standpoint, the case cited may be readily distinguished from the case at bar, and the same in our judgment, is not at all in point. The facts and conditions existing in the two cases are widely separated and have little resemblance to each other. In the case cited, unlike the case at bar, no attempt was made to file affidavits of prejudice before the opening of the court at which the case was to be tried, nor were such affidavits offered to be filed at any time, in the case cited until long subsequent to the entry of final judgment therein. Hence under no possible circumstances could affidavits be filed in that case, under the provisions of § 5454a. It was obviously too late in that case to file affidavits of prejudice at the time counsel filed the same and this fact, though not referred to in the opinion, would alone fully justify the conclusion reached in that case on this point. The trial judge who tried the case, not being disqualified under the statute, was therefore competent to hear and decide any motion or proceeding in the action. In the case cited it was very difficult to ascertain from the record whether the contempt proceeding was originally instituted as a civil remedy, or, on the other hand, was instituted for the purpose of vindicating the authority of the court; but, in either event, the remedy of contempt is summary and quasi criminal in character, and hence, as was said in the opinion, is neither a civil nor a criminal action proper. For this reason, therefore, the court held that affidavits of prejudice could not be filed in that proceeding.

In the case at bar the facts are radically different. Proper affidavits and an expense bond having been filed within seasonable time, the resident judge thereby became disqualified to sit in the cause, either to try the case upon the merits or to exercise any judicial functions whatever therein. The statute, in terms, declares that upon such a state of fact "the court shall proceed no further in the action."

Our conclusion is that the court which appointed a receiver in this action was not, when presided over by Judge Lauder, a competent court, and hence that the order appointing a receiver was made without authority of law. The order will, therefore, be reversed, and the case will be remanded to the trial court for further proceedings according to law, and before a court of competent jurisdiction. All the judges concurring.