HENNING JOHNSON v. ERICK ERICKSON, ANDREW ANDERSON AND LOUIS ANDERSON.

Opinion filed August 24, 1905.

**Justice of the Peace — His Duty When Title to Land Is in Controversy.**

1. Under section 6670, Rev. Codes 1899, as amended by chapter 201, p. 259, Laws 1901, a justice of the peace does not lose complete jurisdiction of a case because a question of the title to or boundary of real property arises. He is authorized, and it is his duty, to certify the case to the district court for trial.

**Same — Appeal — Jurisdiction.**

2. Where a justice of the peace dismisses a case, instead of certifying it, as·required by the above section, and the plaintiff appeals generally from the judgment, the district court has jurisdiction to try the action.

Appeal from District Court, Richland county; *Allen, J.*

Action by Henning Johnson against Erick Erickson and others. Judgment for defendants, and plaintiff appeals.

Reversed.

*McCumber, Forbes & Jones,* for appellant.

The justice had jurisdiction of the case. He could issue the summons, receive, file and determine the validity of the pleading, try and determine the issues, or certify the case to the district court thus having jurisdiction; he conveyed it to the district court. Having jurisdiction, the justice erred in dismissing, and the judgment of dismissal was a proper subject of appeal. Rev. Codes 1899, section 6771; Simmons v. C., B. & Q. Ry. Co., 103 N. W. 954.

Upon appeal it would appear that the justice had jurisdiction to try the case or certify it, and its dismissal was error. An appeal upon questions of law and fact would give the district court jurisdiction. City of Santa Barbara v. Eldred, 30 Pac. 562; Hart v. Carnall-Hopkins Co., 35 Pac. 633.

The case should have been certified to the district court instead of dismissed. Douglas v. Easter et al., 4 Pac. 1034; Tordsen v. Gimmer, 34 N. W. 20; Van Etten v. Van Etten, 23 N. Y. S. 711.

*Purcell, Bradley & Divet,* for respondents.

YOUNG, J. This action was brought in justice court to recover damages to real property. The defendants answered jointly, and alleged that the acts complained of were done in constructing and improving a public highway, and that the place where they were done was a regularly established highway. Both the complaint and answer were verified. A trial was had, and both parties introduced evidence, from which the justice found "as a matter of fact that the land in question * * * is on the section line and is a regularly laid out highway, * * *" and entered judgment dismissing the action and awarding costs to the defendants. The plaintiff perfected a general appeal from the judgment, in pursuance of which the justice certified to the district court the summons and return of service, the complaint and answer, and a copy of his docket. The clerk of the district court placed the case upon the calendar for the next regular term of court. When the case was reached for trial, counsel for defendants made and filed a written motion "to dismiss this action upon the ground that the court has no jurisdiction of the subject-matter thereof, for the reason that the justice court in which said action originated had no jurisdiction of the subject-matter thereof, because said action involves a question of the title and boundary of real property." The motion was granted, and judgment was entered dismissing "said appeal and plaintiff's action," and awarding the defendants costs and disbursements of both courts, amounting to $89.10. The plaintiff has appealed from the judgment.

The question presented is one of procedure. Counsel for appellant contend that the district court had jurisdiction, and that the dismissal was error. In our opinion, the contention is sound and must be sustained. Counsel for defendant, to support their contention that the district court was without jurisdiction, rely upon the rule that the district court, by virtue of an appeal, succeeds only to the jurisdiction of the justice court, and that, where the justice court has no jurisdiction, the appellate court acquires none. See Vidger v. Nolin, 10 N. D. 353, and cases cited on page 360, 87 N. W. 593, on page 596; also, Wagstaff v. Challiss, 31 Kan. 212, 1 Pac. 631. In cases coming within the rule no jurisdiction

is transferred by the appeal. The error, as applied to this case, lies in the assumption that under our present statute a justice of the peace has no jurisdiction whatever when a question of the title to, or boundary of, real property arises. Counsel's position would have been correct under section 6670, Rev. Codes 1899, prior to its amendment. As the statute then stood, the introduction of a question of title or boundary caused a complete loss of jurisdiction, save for the one purpose of entering a judgment of dismissal and for costs. But, as amended by chapter 201, p. 259, Laws 1901, the justice not only has authority, but it is made his duty, to transfer the case to the district court. The section as amended reads as follows: "A question of title to, or boundary of, real property cannot be determined in a justice's court, and when such question arises upon a material issue joined as prescribed in the preceding section, or when such question arises by controversy in the evidence as to a fact material to the determination of the issues in the action, the justice must discontinue the trial and forthwith certify and transmit to the district court of his county all the pleadings and papers filed with him in such action; for which transcript the jutsice shall receive one dollar to be paid by the plaintiff. Such transcript shall be filed in the district court att the cost of the plaintiff; and thereupon the district court shall have the same jurisdiction over such action as if it had been originally commenced therein. * * *"

In this case the justice not only had authority to transfer the case to the district court, but it was his express duty to do so. The distinction between this case and those where there is no jurisdiction or no authority to transmit is apparent. In such cases there is neither right nor duty to certify the case, and, of course, an appeal would not give jurisdiction. But in this case it was the duty of the justice to certify the case to the district court, and that court had authority to try it. The justice erred in dismissing the action. He should have certified it. The same result has, however, been accomplished by the appeal, and the case has been transferred to the district court for trial. The district court would have acquired jurisdiction under a regular certificate by the filing of the papers, as required by section 6670, supra. All this has been done under this appeal. The proceedings are irreguar, but were made so by the error of the justice in rendering a judgment of dismissal, instead of certifying the case, and for this error the plaintiff is in no way responsible. If it appeared that the failure

of the justice to certify was because of plaintiff's refusal to pay him the statutory fees for his services, a different question would be presented. In this case no such excuse is offered. The act of the justice in dismissing the action was not the result of any failure or refusal to pay this fee. The purpose of the amended statute was to prevent dismissals, and to furnish an easy method of transfer of jurisdiction to the district court. We are of opinion that when a justice has, by disregarding the statute, made it necessary to appeal, the district court acquires jurisdiction, and that it is error for the district court to refuse to entertain the action and to dismiss the appeal, and this view is in harmony with the opinion of other courts under similar statutes. Douglass v. Easter, 32 Kan. 496, 4 Pac. 1034; Lyman v. Stanton, 39 Kan. 443, 18 Pac. 513; Santa Barbara v. Eldred, 95 Cal. 381, 30 Pac. 562; Hart v. Carnall-Hopkins Co. (Cal.) 35 Pac. 633. The test of the jurisdiction of the appellate court to try the case pursuant to an appeal, it will be seen, is whether it was the duty of the justice to certify it to that court. On this point, in connection with the cases above cited, see Wagstaff v. Challiss (Kan. Sup.) 1 Pac. 631, and Santa Barbara v. Stearns, 51 Cal. 499.

The district court will reverse its judgment and reinstate the action. All concur.