## STACY FRUIT COMPANY, a Corporation, v. GEORGE McCLELLAN.

### (142 N. W. 44.)

This action was begun in justice court. . Defendant in due season presented to the justice his affidavit of prejudice and demand for change of venue, together with $1, which were accepted. The affidavit and demand was not filed, because defendant refused to pay an additional ten cents filing fee therefor, because of which the justice ignored the application, and, defendant not participating further, the justice entered a judgment against him, from which he appealed to the district court, upon questions of both law and fact, and in his notice of appeal demanded a trial *de novo* in the district court. Judgment in the district court was thereafter rendered by default against defendant, who subsequently moved to vacate the judgment as void and to dismiss the action for want of jurisdiction, contending that the affidavit and motion for change of venue in justice court ousted that court of all jurisdiction of subject-matter; and that on appeal the district court was not clothed with jurisdiction of the subject-matter, the justice court having none. The district court granted the motion to the extent of vacating its judgment, but retained the case for trial on the merits. Plaintiff, former judgment creditor, appeals. It is *held:*—

**Change of venue — affidavit — motion justice court — fee — jurisdiction.**

(1) The payment of $1 was a sufficient fee under the statute, and said payment, with the affidavit and motion for change of venue, rendered the justice

25 N. D.—29.

powerless to proceed with the merits of the cause. For all purposes the affidavit and motion is to be considered in law as filed.

**Change of venue — affidavit of prejudice — jurisdiction — transfer of cause.**
(2) The filing of an affidavit of prejudice and motion for change of venue, while superseding and staying all further powers of that court, did not devest it of jurisdiction of subject-matter or of person, but jurisdiction remained in a court powerless to do other than the ministerial act of entering an order transferring the cause to another justice for trial.

**Justice — judgment — excess of jurisdiction — appeal — district court — subject-matter — jurisdiction.**
(3) An appeal will lie from a judgment so rendered by a court in excess of its jurisdiction; and upon such an appeal perfected the district court acquires the full jurisdiction of the subject-matter possessed by the lower tribunal.

**Order vacating judgment — judgment — reinstated — findings.**
(4) The order vacating the judgment having been entered without grounds, the same is ordered set aside and the judgment so vacated reinstated as the final judgment in the case, it having been entered upon findings and after proof taken.

Opinion filed May 24, 1913.

Appeal from an order of the District Court for Benson County, *Cowan,* J.

Reversed.

*Styles & Koffel,* for appellant.

The action was in the district court for trial, regardless of what had occurred in justice's court, because the appeal was taken upon questions of both law and fact, and the *notice of appeal* was a waiver of mistakes in the justice's court. Rev. Codes 1905, § 8509.

It was not an appeal upon questions of law alone. The notice of appeal does not specify the errors of law complained of; and on such appeal only such questions as are specified as error can be reviewed. Rae v. Chicago, M. & St. P. R. Co. 14 N. D. 511, 105 N. W. 721; Rev. Codes 1905, § 8501.

The appeal taken invoked the jurisdiction of the district court to try the case anew, and that court had jurisdiction to enter the judgment it did enter. N. D. Codes, § 8509; Lyons v. Miller, 2 N. D. 1, 48 N. W. 514; Mouser v. Palmer, 2 S. D. 466, 50 N. W. 967; Wimsey v. McAdams, 12 S. D. 509, 61 N. W. 884; William Deering & Co. v. Venne, 7 N. D. 583, 75 N. W. 926; Dikeman v. Struck, 76 Wis. 332,

45 N. W. 118; 2 Enc. Pl. & Pr. 614, note 2; Seurer v. Horst, 31 Minn. 479, 18 N. W. 283.

A justice's record and return cannot be attacked by affidavit. Mouser v. Palmer, 2 N. D. 466, 50 N. W. 967.

The service of notice of intention, provided by § 7065 of the Code, is a prerequisite to the authority of the district court to entertain the motion. MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Moddie v. Breiland, 9 S. D. 506, 70 N. W. 637.

Ground for new trial must be specified in notice of intention to move for new trial. State ex rel. Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 265, 16 L.R.A.(N.S.) 227, 115 N. W. 846.

Defendant's motion was to *vacate the judgment;* neither party moved for a *new trial.* It was too late for court to grant a new trial of its own motion. Gould v. Duluth & D. Elev. Co. 2 N. D. 216, 50 N. W. 969.

*Stuart & Comstock,* for respondent.

Where a paper is left with the proper officer for the purpose of being filed, the mere fact that he omits to mark it filed is immaterial. 7 Am. & Eng. Enc. Law, 960, note 1, pp. 960–963; Schulte v. First Nat. Bank, 34 Minn. 48, 24 N. W. 320; Nickson v. Blair, 59 Iowa, 531, 13 N. W. 641; Witt v. Meyer, 69 Wis. 595, 35 N. W. 25; Stone v. Crow, 2 S. D. 525, 51 N. W. 335; Starkweather v. Bell, 12 S. D. 146, 80 N. W. 185; Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co. 86 Neb. 623, 136 Am. St. Rep. 710, 126 N. W. 293; 8 Enc. Pl. & Pr. 923, 924; State ex rel. Seth Thomas Clock Co. v. Cass County, 60 Neb. 566, 83 N. W. 735; Dredla v. Baache, 60 Neb. 655, 83 N. W. 918; Coler v. Rhoda School Twp. 6 S. D. 640, 63 N. W. 158; Smith v. Nicholson, 5 N. D. 426, 67 N. W. 296; 19 Cyc. 530.

The filing of the motion and affidavit for change of venue, and the payment of $1, deprived the justice of jurisdiction of the subject-matter of the action. Orcutt v. Conrad, 10 N. D. 434, 87 N. W. 982; State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N. W. 631; State v. Finder, 12 S. D. 423, 81 N. W. 959; Foster v. Bacon, 9 Wis. 346; Western Bank v. Tallman, 15 Wis. 92; State v. Rowan, 35 Wis. 303; Vidger v. Nolin, 10 N. D. 359, 87 N. W. 593; Wimsey v. McAdams, 12 S. D. 509, 81 N. W. 884; Long v. Sharp, 5 Or. 438; Plunket v. Evans, 2 S. D. 434, 50 N. W. 961; Benedict v. Johnson, 4 S. D. 387, 57 N. W. 66; Austell v. Atlanta, 100 Ga. 187, 27 S. E. 983; Arne-

gaard v. Arnegaard, 7 N. D. 475, 41 L.R.A. 258, 75 N. W. 797; Fatt v. Fatt, 78 Wis. 633, 48 N. W. 53; Rines v. Boyd, 7 Wis. 155.

The change of venue deprives the justice of all discretion and all further jurisdiction in the case. Runals v. Brown, 11 Wis. 185; Dykeman v. Budd, 3 Wis. 640; Damp v. Dane, 29 Wis. 431; Plano Mfg. Co. v. Rasey, 69 Wis. 246, 34 N. W. 85.

The motion to set aside the judgment was the proper remedy. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; 1 Black, Judgm. 1891 ed. § 303, p. 379; Benedict v. Johnson, 4 S. D. 387, 57 N. W. 66.

Goss, J. This action was begun in justice court to recover a money judgment in an amount within the jurisdiction of that court to determine. Service of summons upon defendant was had, who, on return day, appeared in person and gave the justice $1 and an affidavit of prejudice and demand for change of venue, as required under §§ 8375 and 8377, Rev. Codes 1905, which the justice received but refused to file, because an additional fee of 10 cents therefor was not paid him. Defendant did not further participate in proceedings in justice court, which court thereafter ignored the attempt at obtaining a change of venue and entered up judgment against defendant, who subsequently appealed to the district court by a general appeal upon both law and fact, and demanded in his notice of appeal a trial *de novo* in the district court. Defendant, also, with his notice and undertaking on appeal, served a verified answer containing a statement that it was served, because required by statute to confer jurisdiction upon appeal for any purposes, but attempting to reserve the right in district court to make thereunder a special appearance to except to the jurisdiction of that court. Thereafter the district court, on defendant's default, tried the cause, made findings and conclusions, and ordered judgment in favor of plaintiff, and on October 3, 1910, judgment for $76.98 was entered. Subsequently, on September 8, 1911, on defendant's application after due notice, the district court, on motion to vacate and to dismiss for lack of jurisdiction of the subject-matter of the suit, set aside its judgment, and granted a new trial, and ordered that the case stand for trial and final disposition upon the regular December, 1911, calendar of the district court. The order does not show the grounds upon which it was entered. The motion for vacation of judgment, thus set aside, was

based upon a want of jurisdiction of either court of the subject-matter of the action, and sought a dismissal. Instead, the court vacated the judgment but denied a dismissal, retaining the case for trial *de novo*. From such order the plaintiff, whose judgment against defendant was thus vacated, appeals, contending that the order vacating the judgment was not made upon valid grounds, and that the judgment vacated should be reinstated.

The issues involved are decided by the determination of whether the action of the justice court, in failing and refusing to file the affidavit for change of venue and make its order transferring the cause, devested that court of jurisdiction over the subject-matter of this action. If so, then it follows, on the authority of Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593, that the appeal on law and fact and demand for trial *de novo,* conferring appellate jurisdiction only of the person of the appellant by his voluntary act and appearance, could not vest the appellate court with jurisdiction of subject-matter where the lower tribunal did not have jurisdiction of subject-matter.

Manifestly the lower court, at the time of the application for change of venue, had jurisdiction of both person and subject-matter, and therefore was fully vested with authority to determine the cause. The payment of the dollar, and the presenting of the affidavit and application to the justice, were all that were required of the party desiring such change of venue, and it thereupon became the duty of the justice to grant a change of trial and to act under the provisions of § 8377. To all intents and purposes, therefore, the affidavit and application for a change of venue must be considered as filed in justice court after presentation. Does such fact devest the justice of jurisdiction of the cause for all purposes, so as to render an appeal from a judgment, afterwards erroneously rendered, abortive and void as not transferring jurisdiction of subject-matter to the appellate court? This must be answered in the negative. The statute reads: "From the time the order changing the place of trial is made, the court to which the action is thereby transferred has the same jurisdiction over it as though it had been commenced in such court. After an order has been made, transferring the action for trial to another court, the following proceedings must be had." Under the statute jurisdiction to try the cause is superseded or stayed, with no power remaining to proceed or do aught but

order a change of venue (40 Cyc. 155; Orcutt v. Conrad, 10 N. D. 431, 87 N. W. 982), but jurisdiction of the cause is not transferred until the order of transfer is made, which order completely devests the justice court making it of jurisdiction, and clothes with jurisdiction the justice court, designated in the order as the court to which the case is transferred. (4 Enc. Pl. & Pr. 470–486.) Manifestly, jurisdiction previously obtained must, throughout the change, be vested at all times either in the court where the action is brought or the one to which it is transferred; and the statute determines the moment of such change to be the instant of the signing of the order of transfer. Before the making of the order, notwithstanding the affidavit and application for a change of venue may be on file with the justice, jurisdiction of the subject-matter still remains there; and under this record it has always remained in such court wherein the action was begun until devested by the appeal which thereby placed it in the district court. Respondent urges that this motion on affidavit for a change of venue ousts the justice court wherein it is filed of all jurisdiction for all purposes except to transfer the case. In one sense it may be so described (Orcutt v. Conrad, supra), but, strictly speaking, jurisdiction in the court is not ousted, but remains, though superseded or stayed with power limited in exercise to the doing of the ministerial act (10 N. D. 431) of selecting the nearest justice or the justice agreed upon (§ 8376, Rev. Codes 1905) to which the cause is to be transferred for trial, and making the order there transferring it. After the filing of the affidavit and application for change of venue, the justice violated an imperative duty thereby placed upon that court to grant such change of venue, and all proceedings thereafter taking place were void as in excess of its limited jurisdiction. 40 Cyc. 155; Nolan v. McDuffie, 125 Cal. 334, 58 Pac. 4; Woods Gold Min. Co. v. Royston, 46 Colo. 191, 103 Pac. 291; also note to 111 Am. St. Rep. 945, and note to 50 L.R.A. 787, at page 795. The justice court had jurisdiction of the subject-matter, however, but was without power to act judicially. Had the justice court issued its order of transfer it would have clothed the court receiving the cause thereby with full jurisdiction, as it could not create it. Rev. Codes 1905, § 8377; 4 Enc. Pl. & Pr. 487; Johnson v. Erickson, 14 N. D. 414, 105 N. W. 1104. The statute defining jurisdiction alone could do that as to subject-matter. Concededly, the matters in issue were not

in excess of the jurisdiction of the justice court. Hence, Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593; Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616, and similar cases cited by respondent, do not sustain his position concerning this appeal. On the contrary, they support our conclusions when the distinction between jurisdiction of subject-matter and jurisdiction of the person is considered. We quote from that authority from 10 N. D. 359, as follows:

"It is now urged by counsel for said respondent that the section quoted gives the district court original jurisdiction on the appeal, and that the fact that the justice had no power to determine the questions involved in the counterclaims is immaterial. To this contention we cannot agree. Similar enactments are to be found in the justice's Codes of several states. The construction given to this provision by the courts of these states is not in all respects in harmony. But upon the question involved in this appeal such decisions generally hold that, where the justice had no jurisdiction of the subject-matter of the action, the district court could acquire none; and that such district court could not determine the case on the merits by amendment of the pleadings after appeal. In such cases the jurisdiction of the appellate court depends upon the jurisdiction of the justice, so far as the subject-matter of the litigation is concerned." And the court there cites and distinguishes its holding from William Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 926, a holding that jurisdiction of the person may be conferred by a voluntary appearance in justice court, or by an appeal under a statute then requiring trial anew in the district court, under § 6779, Rev. Codes 1895, and before the enactment of all of § 8501, Rev. Codes 1905, granting an appeal upon questions of law only. Vidger v. Nolin follows Arnegaard v. Arnegaard, 7 N. D. 475, 41 L.R.A. 258, 75 N. W. 797. And for the same reasons these cases are distinguished from Miner v. Francis, 3 N. D. 549, 58 N. W. 343; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605; and this case at bar. See also extensive note in 34 L.R.A.(N.S.) 666, and the case under which the same is collected of Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 34 L.R.A.(N.S.) 661, 115 Pac. 782; Ann. Cas. 1912 D, 407; and McCubrey v. Lankis, 74 Minn. 302, 77 N. W. 144, on analogous principles. Our statute, § 8358, Rev. Codes 1905, as construed in Heard v. Holbrook, 21 N. D. 348, on page 354,

131 N. W. 251 (distinguishing the earlier holding of Miner v. Francis, 3 N. D. 549, 58 N. W. 343, decided before amendment of 1895 to present § 8358, Rev. Codes 1905), is to the effect that where the lower court had jurisdiction of the subject-matter, an appeal, with demand for trial *de novo* on both law and fact, vests jurisdiction of the person as well, and transfers the cause for trial anew in the appellate court, and such was the legal effect of this appeal. We may grant respondent's contention that the justice court had no jurisdiction except to order a transfer, and hence no jurisdiction to enter a judgment upon the merits, which is sound in law, but still the general appeal and demand for trial *de novo,* under Johnson v. Erickson, 14 N. D. 414, 105 N. W. 1104, and Heard v. Holbrook, supra, must apply and decide this case contrary to respondent's contention. A distinction seems to be drawn in principle between the proceedings occurring in excess of jurisdiction, after the filing of an affidavit of prejudice against the magistrate or judge, as here was done, from such acts done after the filing of a mere demand for change of place of trial. The former is void, the latter held not to be. 111 Am. St. Rep. 947, 948, note.

But we can see no distinction in principle between this case and that of Johnson v. Erickson, supra. There, in a justice court proceeding, title to real property was brought in issue, whereupon, under the statute, it became the duty of the justice to forthwith certify the cause to the district court, but instead of so doing he dismissed it. Upon appeal it was urged the same as here, that the district court was without jurisdiction because of the rule "that the district court by virtue of an appeal succeeds only to the jurisdiction of the justice court, and that where the justice court has no jurisdiction the appellate court acquires none." The court there says: "In this case the justice not only had authority to transfer the case to the district court, but it was his express duty to do so. The distinction between this case, and those where there is no jurisdiction or no authority to transmit, is apparent. In such cases there is neither right nor duty to certify the case, and of course an appeal would not give jurisdiction. . . . The proceedings are irregular, but were made so by the error of the justice in rendering a judgment of dismissal, instead of certifying the case; and for this error the plaintiff is in no way responsible. . . . We are of opinion that when a justice has, by disregarding the statute, made it necessary

to appeal, the district court acquires jurisdiction, and that it is error for the district court to refuse to entertain the action and to dismiss the appeal; and this view is in harmony with the opinion of other courts under similar statutes."

There the justice pronounced an unauthorized judgment when, instead, he should have certified the case to the district court for further proceedings; yet the appeal from such unauthorized judgment was held to vest jurisdiction of the subject-matter in the appellate court, which ordinarily would have been transferred there without appeal by the order of the justice. Here the justice court, having conceded jurisdiction of person and subject-matter, proceeds unauthorizedly, after it had become its mandatory duty to transfer the cause for trial to another justice court, and accordingly enters judgment, void because of want of power to enter any judgment at all, but from which defendant has seen fit to appeal generally upon both law and fact and demand a trial *de novo* in the appellate court. The statutes concerned in Johnson v. Erickson, and in the case at bar, are in effect analogous, both superseding jurisdiction to determine the merits. If an appeal from a void judgment of dismissal, as in Johnson v. Erickson, confers appellate jurisdiction of subject-matter, most certainly under these circumstances the appeal so taken generally must be held to confer jurisdiction of subject-matter as well as person upon the appellate court.

Accordingly the order dated September 8, 1911, vacating the judgment entered October 3, 1910, was not made upon legal grounds, and should be and hereby is ordered to be vacated and set aside, and the judgment of the District Court of Benson county, vacated by such order, is directed to be reinstated. Appellant will recover judgment for costs and disbursements upon this appeal.